Sophia Coons, as Administratrix of the Estate of Arthur P. Coons, Deceased, Respondent, v. New York Telephone Company, Appellant.

(Argued June 7, 1928; decided July 19, 1928.)

*Thomas R. Wheeler* for appellant. The trial court erred in refusing to grant the motion made by the defendant for a dismissal of the complaint. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Dwyer* v. *Neckerman Co., Inc.*, 223 App. Div. 39; *Linzey* v. *American Ice Co.*, 131

App. Div. 333; 197 N. Y. 605; *Hickok* v. *Auburn L., H.
& P. Co.*, 200 N. Y. 464; *Basmajian* v. *Bd. of Education*,
211 App. Div. 347; *McNulty* v. *Ludwig & Co.*, 153 App.
Div. 206; *Pritchard* v. *Edison Illuminating Co.*, 92 App.
Div. 183.)

*Hamilton Ward* for respondent. The defendant created
and maintained a dangerous nuisance in the nature of a
trespass on the premises. ` (*McFarlane* v. *City of Niagara
Falls*, 247 N. Y. 340; *McNulty* v. *Ludwig & Co.*, 153
App. Div. 206; *Herman* v. *City of Buffalo*, 214 N. Y.
316; *Andrews* v. *Delhi Tel. Co.*, 36 Misc. Rep. 23; 66
App. Div. 616; *Wiseman* v. *Lucksinger*, 84 N. Y. 31;
*Long Island R. R. Co.* v. *Garvey*, 159 N. Y. 334; *Heeg* v.
*Licht*, 80 N. Y. 579; *Butler* v. *Frontier Tel. Co.*, 186 N. Y.
486; *Lamming* v. *Galusha*, 135 N. Y. 239; *Wilks* v. *N. Y.
Tel. Co.*, 243 N. Y. 351; *Hayes* v. *Michigan Central
R. R. Co.*, 111 U. S. 228; *Stearn* v. *International Ry. Co.*,
220 N. Y. 284; *Burrows* v. *Livingston-Niagara P. Co.*,
217 App. Div. 206; 244 N. Y. 548; *Reed* v. *N. Y. &
N. J. Tel. Co.*, 151 App. Div. 96.)

CARDOZO, Ch. J. The action is for injuries resulting
in death.

A tenant of a house in Buffalo wished to have a radio
connection. He employed Arthur T. Coons to make it.
At the rear of the lot was a pole belonging to the defend-
ant. The pole had been set up in 1911 for the carriage
of a telephone cable under a license given to the defendant
by the owner of the building. Some years later, in 1919,
the defendant without the knowledge of the owner gave
a permit to the Buffalo General Electric Company to
use the pole for high power electric wires. These were
strung by the electric company near the top of the pole,
seven or eight feet above the telephone cable maintained
by the defendant. Coons climbed the pole, an end of
his aerial wire in his hand. He fastened the wire with

a screw to the very top of the pole, and let it fall so that it lay across one of the electric wires a foot or so below. Coming down from the pole, he went to the roof of the house, planning to fasten the other end of his aerial wire to the peak in the front. While at work there, he was seen to crumple up and fall. A high voltage had been transmitted from the power wire to the wire in his hand. He received a shock from which he died.

The case was tried and submitted to the jury as an action for a nuisance. According to the theory of the trial, the defendant authorized a trespass when it gave a permit to the electric company to string wires on the pole; the trespass was also a nuisance, since through contact with other wires or in other ways the power wires might be dangerous; Coons, equally with the owner, was aggrieved by the trespass, since he was installing the radio at the order of a tenant; the defendant, in giving the permit, became the tortious creator of a dangerous condition, and so liable for nuisance, though the wires, thus installed with its connivance, were maintained by some one else.

Laying other objections aside, we place our judgment on the ground that when Coons met his death, the power wires had been installed by the electric company with the license of the owner, and that the defendant was neither a trespasser nor responsible for a nuisance by reason of their presence. The pole was erected, as we have seen, in 1911. It belonged to the defendant, and could not lawfully be used by another without the defendant's consent. In granting such consent in 1919, the defendant could not dispense with any other consent that was necessary from the owner of the land. We do not go into the question whether the form of its permit is to be read as importing anything more than a privilege of use to the extent, and within the limits, of its own capacity and interest. If more than this was meant, the fact remains that any other license necessary at the

hands of owner or of tenant, was afterwards obtained. Hartzell, the owner of the building, had made a lease of it to Green. In 1921 the tenant asked to be allowed to have the house wired for electricity. The owner consented, leaving the arrangements to the tenant's son. In giving this consent he took it for granted that the wires in the house would have to be connected with power wires outside. He was not concerned, he tells us, whether the connection was made at the rear of the lot or somewhere else. He left all such details to those who were to do the work. The electric company utilized the power wires already strung upon the pole under the permit from defendant. From 1921 to the date of the accident, October, 1925, electricity has been steadily supplied for the lighting of the building upon written applications submitted by successive tenants.

We think the power wires ceased to be either a trespass or a nuisance in 1921, if we assume in favor of the plaintiff that they were something different before. True, of course, it is that the owner did not point out to the electric company the particular points at which its wires were to be run or fastened. The occasions must be rare indeed when anything of the kind is done. What this owner did was to authorize the electric company to run and fasten its wires at places of its own selection. No doubt he expected it, in making that selection, to use a reasonable discretion. There is no evidence of any failure of duty in that regard, no evidence that the place selected was inappropriate or dangerous. The power wires were strung so high that contact with them was not possible except through extraordinary conditions not easily forseeable. But if negligence there was either in connecting the wires or thereafter in maintaining them, the defendant is not at fault. The wrong must then be charged to the company employed. The defendant was not subject to a liability for trespass or for nuisance when it submitted to a use which the owner had invited.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.