SARAH E. VAN LEET, as Administratrix of the Estate of GLENN H. VAN LEET, Deceased, Respondent, *v.* WILLIS S. KILMER, Appellant.

(Argued December 6, 1929; decided January 7, 1930.)

*Harvey D. Hinman* for appellant. Even if intestate's rod came in contact with defendant's wire and the insula-

tion on such wire had become defective and the direct current of 110 volts carried by defendant's wire caused intestate's death, nevertheless defendant was entitled to a nonsuit. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *Coons* v. *New York Telephone Co.*, 249 N. Y. 42; *Adams* v. *Bullock*, 227 N. Y. 208.)

*David F. Lee* and *Harry J. Daley* for respondent. The defendant was not entitled to a nonsuit and the question as to whether defendant's negligence caused intestate's death was a question of fact for the jury, and the jury's finding in favor of the plaintiff is supported by the weight of evidence and should not be disturbed. (*Schoonmaker* v. *Pittsburgh Contracting Co.*, 176 App. Div. 48; *Wagner* v. *Brooklyn Heights Ry. Co.*, 69 App. Div. 349; 174 N. Y. 520; *Matter of Plass* v. *C. N. E. Ry. Co.*, 226 N. Y. 449; *Braun* v. *Buffalo General Electric Co.*, 200 N. Y. 484; *Burrows* v. *Livingston Niagara Pr. Co.*, 217 App. Div. 206; 244 N. Y. 548; *Ennis* v. *Gray*, 87 Hun, 355; *Munsey* v. *Webb*, 231 U. S. 150; *Condran* v. *Park & Tilford*, 213 N. Y. 341; *Ferrari* v. *N. Y. Cent. R. R. Co.*, 224 App. Div. 182; 250 N. Y. 527.)

O'BRIEN, J. Defendant generates electric power for his own use at Binghamton and also supplies it for profit to the United Shoe Machinery Corporation in the same city. A direct current of one hundred and ten volts, transmitted from his premises along insulated low power wires, is carried into the shoe machinery factory. Between two points at which these wires are attached to the exterior wall of that factory is a circular opening flush with the wall. This opening constitutes the outlet for a blower located inside the building and its lowest curve is placed more than twenty-three feet above the pavement. The two wires, strung from glass insulators, pass eighteen inches or two feet outside of and substantially parallel with the factory wall and two feet below the base of the circular outlet. Inside the blower, a few feet

below the opening, was a mechanical device known as a baffle plate which had become dislocated. Plaintiff's intestate was employed as an " all around man " by the United Shoe Machinery Corporation and among his duties was the repair of electrically driven machines and the inspection and repair of electric wiring. He was assigned to the task of retrieving the baffle plate and for that purpose used a slender galvanized iron rod seven and a half feet long fashioned at one end into a hook. A wooden ladder twenty feet high he placed between defendant's wires and the wall of the factory in such a position as to cause its upper end to rest a foot or two below the curve of the opening. He mounted the ladder and, while standing within the two-foot space between the wires and the wall, with his left hand resting on the metal edge of the blower hole, he attempted with his right hand to insert the rod into the opening for the purpose of fishing out the baffle plate. The iron rod which he held came in contact with one of defendant's wires, he received a shock, fell from the ladder, sustained a fracture of the skull and died. A question of fact was presented whether the rod came in contact with defendant's low power wires carrying a voltage only of 110 direct current or with the adjacent high tension lines of the Binghamton Light, Heat and Power Company charged with an alternating current of 2,300 volts. This issue was closely · contested but its determination in plaintiff's favor is not without support. Defendant appeals from the judgment against him for negligence in the maintenance of his wires.

If the Workmen's Compensation Law had been invoked against the United Shoe Machinery Corporation as employer, this unfortunate accident would have been included within the operation of that statute. The humane system so established was intended to extend relief to workmen injured and to the families of those killed in accidents arising out of and in the course of

their employment. It applies even in cases where no one except the workman himself can be adjudged guilty of fault. Rejecting the sure enforcement of that statutory remedy, plaintiff instituted this action for common-law negligence against one who was not the employer of the deceased and whose relation to the events culminating in his death consisted solely in the maintenance of wires and the transmission of low voltage electric energy.

Sympathetic impulse must yield to law. Affirmance of this judgment would, in our opinion, result in such an extension of liability as would exceed all reasonable bounds. Where peril lurks, its creator is bound to provide safeguards. Unusual precautions must be taken against extraordinary dangers. Where mere potentiality of injury exists, only such foresight as appears to be commensurate with its reasonably probable occurrence need be employed. These are, of course, the elementary rules measuring the degree of care necessary to relieve one from a charge of negligence. If electric energy at two or three thousand volts be transmitted over a ragged wire, the requisite degree of other elements of caution is very high. (*Braun* v. *Buffalo Gen. Elec. Co.*, 200 N. Y. 484.) Likewise when the voltage is 4,000. (*Ferrari* v. *N. Y. C. R. R. Co.*, 224 App. Div. 182; affd., 250 N. Y. 527.) At 11,000 volts even more uncommon vigilance must be exerted for the safety of those who under customary conditions may be assumed to come in contact with it. (*Burrows* v. *Livingston-Niagara Power Co.*, 217 App. Div. 206; affd., 244 N. Y. 548.) The risk must lie within the range of apprehension. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 344.) No more than reasonable care, however, is required. Every conceivable injury, due to unusual combinations of circumstances to which may be contributed the negligence of the person injured, need not be foreseen. An illustration of this principle appears in *Troidle* v. *Adirondack Power & Light Corp.* (252 N. Y. 483).

The effect of this judgment is to impose upon defendant the liability of an insurer. Wires carrying such a low voltage as 110 cannot be regarded as an agency of peril. When in contact with a human being, as shown by the experiment of plaintiff's expert, such voltage may produce no burn or shock. The same expert had accidentally come in contact with a wire of that voltage and was startled but not burned. There is testimony, however, from which the inference can be drawn that plaintiff's intestate did sustain a faint shock. The slight inherent danger of producing even a feeble shock becomes greatly reduced and for practical purposes nearly disappears when wires are strung so high above the ground that they can be reached only by use of a twenty-foot ladder. Danger there was not easily forseeable. (*Coons* v. *N. Y. Tel. Co.*, 249 N. Y. 42, 45; *Adams* v. *Bullock*, 227 N. Y. 208, 210.) The wires were insulated but they were partially weather worn and at one point the insulation had become detached. Nevertheless at the place where the accident occurred, so plaintiff's witness testified, the insulating material was not frayed or frazzled. Remote possibility of injury was not completely excluded. This is apparent from the fact that contact with plaintiff's intestate produced a shock at least strong enough to startle him and cause him to fall from the ladder, but we think, as matter of law, that defendant is not shown to have omitted any safeguard against danger which could reasonably be foreseen. He was not bound to make provision against the act of an experienced electrician holding an iron rod in direct contact with these low power wires.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgments reversed, etc.