LULU V. PAYNE, Appellant, *v.* CITY OF NEW YORK et al., Defendants, and MANHATTAN AND QUEENS TRACTION CORPORATION, Respondent.

Argued March 17, 1938; decided April 12, 1938.

*Harold M. Phillips* and *Alvin R. Cowan* for appellant. The trial court erred in granting the motion of the defendant-respondent to dismiss the complaint. The case should have been submitted to the jury. (*Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 260 N. Y. 604; *Grawunder* v. *Beth Israel Hospital Assn.*, 242 App. Div. 56; *De Haen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350; *De Agramonte* v. *City of Mount Vernon*, 123 App. Div. 718; *Burrows* v. *Liningston-Niagara Power Co.*, 244 N. Y. 548; *Bonhag* v. *Queens Borough Gas & Electric Co.*, 240 App. Div. 888; *Reid* v. *New York & New Jersey Tel. Co.*, 151 App. Div. 96.)

*Joseph M. Sullivan* for respondent. The trial court properly dismissed the complaint as to defendant-respondent. The evidence presented no question of fact for the jury to pass upon. (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339; *McPherson* v. *City of New York*, 204 N. Y. 430; *Loftus* v. *Union Ferry Co. of Brooklyn*, 84 N. Y. 455; *Di Biase* v. *Ewart & Lake, Inc.*, 228 App. Div. 407; 255 N. Y. 620; *Cleveland* v. *N. J. Steamboat Co.*, 125 N. Y. 299; *Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583; 235 N. Y. 605; *Beickert* v. *G. M. Laboratories*, 242 N. Y. 168; *Van Leet* v. *Kilmer*, 252 N. Y. 454.)

CRANE, Ch. J. Lula V. Payne, the plaintiff, is a registered nurse living, at the time of this accident, in West Seventy-first street, New York city. On July 7, 1933, she started to drive her automobile with friends to Jones' Beach, coming over the Fifty-ninth Street Bridge, under the Queens boulevard, and then through Jamaica avenue to Sutphin boulevard. Sutphin boulevard is a wide street with car tracks on it of the Manhattan and Queens Traction Corporation. It is a very busy thoroughfare, automobiles going in both directions and using every part of the street, including the portion between the tracks paved

with paving stones. As she was proceeding on Sutphin boulevard, a big sedan, passenger car, passed her on the left and, going over a large stone, threw it from the ground through her windshield, striking her and causing severe injuries. The railroad company had been repairing the street between its tracks. The men doing the work had left these stones in the street either piled up or scattered about. The stone or cobble was found in the plaintiff's car, and weighed twelve and a half pounds. That it is possible for automobiles in passing over cobble stones or rocks to so strike them with the wheel on the slant or bias as to cause them to fly with great violence is almost common knowledge. Of course it all depends upon the shape and position of the stone, and the angle at which it is struck, but that such things do happen and can happen, is a matter which is not incredible as matter of law.

Whether or not the railroad company, in the exercise of reasonable care, should have foreseen that loose stones or cobbles lying in the street might thus be thrown with violence against persons or vehicles became a question of fact for the jury, in view of all the circumstances. The courts cannot say as a matter of law that on the evidence in this case danger was not foreseeable by a prudent person. Highways have changed with the coming of the automobile and the customs of the times. Highways are now smooth. Cobblestones have given way to asphalt or cement or to other prepared surfaces. This court was quite divided in opinion as to whether or not even sand upon a city street which got into a boy's roller skates and caused him to fall under a car, constituted negligence in the person leaving the sand there. (*Halpin* v. *New York Railways Corp.*, 276 N. Y. 545.)

The evidence is positive in this case that the stone or rock was thrown by the wheels of the passing car — no speculation of this fact. It is not an uncommon experience to have an automobile catch an article on the roadway and cause it to fly in the air, and such articles may be a source of danger to pedestrians and others on the roadway.

(See as to facts *Manning* v. *Dale Engineering Co.*, 269 N. Y. 636; *Demjanik* v. *Kultau*, 242 App. Div. 255; *Burkes* v. *Lieberman*, [14–1b. stone] 245 N. Y. 579.)

A person cannot be held liable in negligence for failing to provide against a danger he could not have reasonably foreseen. (*Van Leet* v. *Kilmer*, 252 N. Y. 454; *Beickert* v. *G. M. Laboratories, Inc.*, 242 N. Y. 168; *Cleveland* v. *N. J. Steamboat Co.*, 125 N. Y. 299.) " If it might reasonably have been anticipated, or if its occurrence would not, in the minds of reasonable men, be in the highest degree unlikely, if things were left in the condition then presented to them, the charge of negligence might be a proper one for the jury to pass upon." (*Cleveland* v. *N. J. Steamboat Co., supra*, p. 306.) " To be negligent, a defendant must have acted or failed to act in such a way that an ordinary reasonable man would have realized that certain interests of certain persons were unreasonably subjected to a general but definite class of risks." (Harper on The Law of Torts, § 111.)

One who negligently leaves stones or piles of stones in the public roadway might reasonably foresee injury to persons driving along the street and hitting such obstruction. (*Francis* v. *Gaffey*, 211 N. Y. 47; *Sweet* v. *Perkins*, 196 N. Y. 482.) We cannot say as *matter of law* that this defendant could not reasonably foresee an accident such as befell plaintiff.

At the end of the plaintiff's case the trial judge dismissed the complaint. We do not know what the defense would have been or will be. The dismissal was error for, as we have intimated, the plaintiff made out a *prima facie* case justifying a submission to the jury of the defendant's negligence, and the plaintiff's damage in consequence thereof.

The judgments should be reversed and a new trial granted as to defendant Manhattan and Queens Traction Corporation, with costs to abide the event.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.