IDA HOFSTEIN, Respondent, *v.* BRONX WATER WORKS, INC., Appellant-Respondent, and THE CITY OF NEW YORK, Respondent-Appellant.

First Department, February 11, 1943.

*James I. McGuire* of counsel (*George A. Garvey,* attorney), for defendant, appellant-respondent, Bronx Water Works, Inc.

*Fred Iscol* of counsel (*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*), for defendant, respondent-appellant, The City of New York.

*Desmond T. Barry* of counsel (*Joseph J. Brophy* and *Edward A. Shandell* with him on the brief), for plaintiff-respondent.

CALLAHAN, J. Plaintiff was injured when an automobile driven by her son, and in which she was a passenger, was struck by a second automobile at a street intersection. Neither of the operators of the cars involved is a defendant herein. The basis of liability asserted against the present defendants, and sustained by the judgment against them, is that Bronx Water Works, Inc., while engaged as a contractor for the city of New York in excavating a plot alongside the highway near the intersection in question, allowed sand and gravel to fall upon the asphalt pavement. Plaintiff claims that the presence of such material caused the second car involved in the accident to skid when the driver thereof applied his brakes in attempting to avoid a collision. There was no evidence in the present case that the presence of sand or gravel on a hard-surfaced road would interfere with the effectiveness of the braking appliances on an automobile, or increase the likelihood of skidding. We held in *Halpin* v. *New York Railways Corp.* (250 App. Div. 613, affd. 276 N. Y. 545) that circumstances of a somewhat similar nature were insufficient to show the creation of a condition dangerous to traffic. The circumstances of the present case were substantially different from those involved in *Payne* v. *City of New York* (277 N. Y. 393). There the accident was the result of a large stone resting on a hard-surfaced street being thrown through the windshield of plaintiff's car by a passing vehicle. The possibility of a loose stone being projected forcibly from under an automobile tire was quite properly held to be almost a matter of common knowledge. We have no such knowledge concerning the danger of placing sand or gravel on a hard-surfaced highway. On the contrary, we know that sand is frequently used on certain smooth-surfaced roads to increase traction, and aid the control of vehicles using same. Upon the present record we cannot say that these defendants were, in the exercise of reasonable care, bound to apprehend or foresee that either danger or injury would result from the complained of condition. To permit a jury to so find upon the present record was mere speculation.

The judgment should be reversed with costs, and a new trial ordered with costs to the appellants to abide the event.

COHN, J. (dissenting). It was unnecessary for plaintiff to offer further proof that the presence of loose stones, gravel and sand on the roadway would be likely to cause skidding. Whether or not the defendants in the exercise of reasonable care should have foreseen that loose stones, gravel and sand lying on an asphalt highway might cause a motor vehicle to skid became a question of fact for the jury. The courts cannot say as a matter of law that such danger was not foreseeable by a prudent person.

(*Payne* v. *City of New York*, 277 N. Y. 393, 395.)   There was sufficient evidence in the case to hold both defendants liable — the Bronx Water Works, Inc., for the creation of the dangerous condition, and the defendant, the City of New York, for the subsequent negligent maintenance of the condition for an extended period of time.   The judgment should be affirmed.

MARTIN, P. J., and GLENNON, J., concur with CALLAHAN, J.; COHN, J., dissents and votes to affirm, with opinion, with whom TOWNLEY, J., concurs.

Judgment reversed and a new trial ordered with costs to the appellants to abide the event.