■ IRENE O'BRIEN, as Administratrix of the Estate of WILLIAM R. O'BRIEN, Deceased, Respondent. v. FALMORE CAB CORP. et al., Defendants. and

JOSEPH K. WEITZENKORN, Appellant.— In a death action, the defendant Weitzenkorn appeals from an order of the Supreme Court, Kings County, dated May 8, 1962, which denied his motion, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the complaint as to him on the ground that it fails to state facts sufficient to constitute a cause of action. Order reversed, without costs, motion granted and complaint dismissed as to the defendant Weitzenkorn. On this motion we must accept as true all the relevant allegations of fact and such inferences as may fairly be drawn from them. The complaint alleges, in substance, the following: At about 1:30 A.M. on April 22, 1960 the plaintiff's intestate was operating a motor truck in a northerly direction on the Manhattan Bridge, which connects the Counties of Kings and New York. The defendant Weitzenkorn was operating a motor vehicle directly behind this truck; and "without just cause, wrongfully, carelessly and negligently, and in violation of the laws of the City and State of New York," the said defendant "blew the horn of his motor vehicle, as a consequence of which plaintiff's intestate stopped and got out of the motor vehicle to ascertain the reason" why he (Weitzenkorn) was blowing his horn. While "plaintiff's intestate was lawfully inquiring into the cause of the blowing of the horn by" Weitzenkorn, a taxicab, owned by the corporate defendant, was operated by the defendant Guerretaz in such a careless and negligent manner as to cause it to violently strike plaintiff's intestate, whereby he sustained injuries resulting in his death. Section 151 of the Traffic Regulations of the City of New York provides that a "driver shall sound the horn of his vehicle only when necessary to warn a person or animal of danger." (Also, see, Administrative Code of City of New York, § 435–5.0, subd. b [1]; Vehicle and Traffic Law, § 15, subd. b, par. 1, as in effect at the time of the accident.) As against the defendant Weitzenkorn, the theory of liability is based on the assertion that when he sounded his horn it was not necessary for him to warn any person or animal of danger. As a general rule, the violation of a traffic regulation is some evidence of negligence if the failure to comply therewith is the proximate cause of the accident (*Holder* v. *Abramson*, 271 App. Div. 649; *Herbst* v. *Balogh*, 7 A D 2d 530; *Naeris* v. *New York Tel. Co.*, 6 A D 2d 196, affd. 5 N Y 2d 1009). Therefore, the failure of the operator of a motor vehicle to sound his horn when a person may be in danger as a result of the operation of the vehicle may result in the imposition of liability for injuries sustained by said person. However, in the case at bar, the defendant Weitzenkorn's vehicle did not strike plaintiff's intestate and Weitzenkorn is not being charged with a failure to sound his horn for the purpose of warning the decedent that he was in danger. In our opinion, section 151 of the Traffic Regulations of the City of New York was not enacted with the purpose of permitting recovery against a motorist for an accident such as the one here involved. By sounding his horn, defendant Weitzenkorn did not violate a legally protected interest of plaintiff's intestate nor subject him to a risk for which said defendant may be cast in damages (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339; *Van Leet* v. *Kilmer*, 252 N. Y. 454; see, e.g., Prosser, Torts [1941 ed.], pp. 311–321; cf. *Carlock* v. *Westchester Light. Co.*, 268 N. Y. 345). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.