Hilda G. Schwartz, J.
In this action brought by plaintiff to recover for loss and damage to a shipment of brochures, th jury rendered a verdict of $7,500 against both defendants. Each defendant cross-claimed against the other. The defendants stipulated that the Trial Judge decide the cross claims.
The plaintiff printed some 252,000 brochures as part of an over-all contract calling for the delivery of 4% million brochures to the Reader’s Digest plant in Pleasantville, Westchester County, New York. The 252,000 items were delivered to Hubert Bindery Inc. in Manhattan, for cutting, folding and packing. Hubert then delivered them to defendant Cele’s Trucking and Consolidating Terminal, Inc. for transportation to Pleasantville, and Cele’s rented a truck for the purpose from defendant Perry Truck Renting Corp. using Cele’s own employee, one Brown, as the driver. Both defendants were located in Manhattan where the truck was loaded. Its total weight, including its cargo, totaled about seven and one-half tons.
En route, the truck broke down at 245th Street in The Bronx. The driver, Brown, advised Perry of the breakdown and Perry sent out its own tow truck operated by its driver, one Martinez, who found the motor of the truck disabled and so advised his employer. Perry instructed him to tow the truck into Perry’s shop. However, Cele’s Trucking, on learning of the breakdown, insisted on delivery that day to Pleasantville and Perry directed its driver to tow the loaded truck to Pleasantville, a distance of about 25 miles. Perry’s driver took the vehicle in tow, attaching it to the tow truck with a five-eighths of an inch chain about four or five years old, with Cele’s driver in the cab of the loaded truck, the brakes of which were not functioning, and proceeded to Pleasantville. About three hours later, while descending a hill in Westchester County, the bar securing the tow chain broke, the vehicles went out of control with the heavily-laden truck pushing the tow truck downhill at great speed. The truck overturned, causing the loss and damage for *1022 which suit is brought. Each defendant claims the right to indemnity from the other.
Both defendants owed a duty to safely transport the goods entrusted to them, whether, as to Cele’s, .such duty was as a common carrier and therefore an insurer of the shipments in its custody, or as a bailee against whom negligence must be shown. “ It is sometimes said that the basis of a common carrier’s liability for loss of goods or for their damage in transit is ‘ presumed negligence ’ ” (Perkel v. Pennsylvania R. R. Co., 148 Misc. 284, 287) even though it is not a true presumption since it cannot be rebutted.
Both defendants clearly concurred in producing the accident. Both defendants failed to exercise the proper standard of care. This standard varies with the risk reasonably to be apprehended (Caldwell v. Village of Island Park, 304 N. Y. 268, 274). In spite of the risks involved, Cele’s insisted that the disabled truck, heavily loaded, be towed over 20 miles. Perry acquiesced in this, securing the tow truck and the 7%-ton weight of the cargo truck with a % inch chain, with Perry’s driver in the tow truck and Cele’s driver in the cargo truck, both fully aware that the cargo truck had no functioning braking mechanism. Defendant Perry, the owner of both the tow truck and the cargo truck, was actively negligent in making such a journey with defective and inadequate equipment and Cele’s, on its part, was also actively negligent for directing the journey and taking part in it. In addition, as to Perry, section 388 of the Vehicle and Traffic Law provides that whenever vehicles are used in combination, such as by tow, the person operating any one vehicle .shall be deemed to be using each vehicle in the combination, and the owners of such vehicles shall be jointly and severally liable.
Unusual dangers require unusual precautions (Van Leet v. Kilmer, 252 N. Y. 454) and the risk of such an accident was foreseeable to both defendants. This risk should have been evaluated by both (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339; Geigel v. New York City Housing Auth., 17 A D 2d 838).
There was no agreement to indemnify between the defendants. Apart from an express contract of indemnity, a defendant guilty of tc active ” negligence may not claim over against another who has also wrongfully contributed to the accident (Fox v. Western N. Y. Motor Lines, 257 N. Y. 305). Since each, by their respective wrongful conduct concurred in producing the accident, and no one owed any “ independent duty or obligation ” to the other (see McFall v. Compagnie Maritime Belge, 304 N. Y. 314) to prevent the accident, then no implied right of *1023 indemnity arises between them, inter se. “The culpability of the person seeking indemnity determines whether recovery will be allowed against a joint tort-feasor. A right to implied indemnity does not exist if a defendant’s conduct was active ” (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426, 430; Middleton v. City of New York, 300 N. Y. 732; Sannit v. Buffalo Wire Works Co., 302 N. Y. 820; Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422; Coffey v. Flower City Carting & Excavating Co., 2 N Y 2d 898; Balch v. Richby Realty Corp., 4 N Y 2d 1006; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; Bernardo v. Fordham Hoisting Equip. Co., 6 N Y 2d 733; Berg v. Town of Huntington, 7 N Y 2d 871). The rule is well established that no recovery over will be allowed as between joint tort-feasors where the one seeking indemnity concurred in the wrong. Notice or knowledge of the danger or defect and failure to take proper precautions to prevent the accident bars indemnity (Adler v. Tully & Di Napoli, 300 N. Y. 662).
Whether the basis of Cele’s liability to plaintiff was as a common carrier or as a bailee, it cannot require Perry to indemnify it since it had actual knowledge and itself created or contributed to the danger. As to Perry, it was clearly negligent as well.
Since each of the defendants was equally culpable and the damages resulted from their joint acts, neither has a right of indemnity against the other.
The cross complaint of Cele’s Trucking against Perry Truck Renting and the cross complaint of Perry Truck Renting against Cele’s Trucking are each dismissed.