## (August 15, 1983)

■ FANNY BAHAN et al., Respondents, v GREEN BUS LINES, INC., Appellant. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Queens County (Kunzeman, J.), dated March 11, 1982, which is in favor of the plaintiffs and against it, upon a jury verdict, in the principal sum of $285,000. Judgment affirmed, with costs. On November 6, 1975, while pulling into a bus stop in Queens, a bus owned by Green Bus Lines ran over what appeared to be a white half-gallon plastic bleach bottle. As the bottle was crushed by the bus wheel, its acid contents splashed the plaintiffs Fanny and Kathleen Bahan who were waiting to board, causing them severe injuries. The incident occurred shortly before noon on a clear dry day, the bus was proceeding at about five miles per hour while entering the bus stop and the bus driver's vision was unobstructed. The jury found in favor of the plaintiffs on the issue of liability and awarded $250,000 to Fanny Bahan, $30,000 to Kathleen Bahan and $5,000 to Raymond Bahan on his derivative claims. On appeal defendant Green Bus Lines asserts that it was unforeseeable as a matter of law that running over a plastic container might injure persons waiting for the bus to arrive. We disagree. It is axiomatic that whether a breach of duty has occurred depends upon whether the resulting injury was a reasonably foreseeable consequence of the defendant's conduct (*Danielenko v Kinney Rent A Car*, 57 NY2d 198; Prosser, Torts [4th ed], § 43). To establish foreseeability, plaintiffs need not demonstrate, however, that the precise manner in which the accident occurred or the extent of the injuries was foreseeable (*Derdiarian v Felix Constr. Corp.*, 51 NY2d 308; Restatement, Torts 2d, § 435, subd [2]). Given the unique inquiry in each case and considering that what is foreseeable may be subject to varying inferences, the issue is generally for the fact finder to resolve (*Derdiarian v Felix Constr. Corp., supra*, p 315; *Monell v City of New York*, 84 AD2d 717). On this record the jury was entitled to find that it was foreseeable that the crushing of a white plastic bottle lying in front of a bus stop might spray bleach or other dangerous materials and cause injury to those waiting at the bus stop (see *Payne v City of New York*, 277 NY 393; *Miller v Gonzalez*, 9 Misc 2d 190). Indeed, the bottle could have exploded or even been hurtled against the bystanders; instead it burst and splashed them. Under the circumstances the foreseeability of what occurred was for the trier of fact and we cannot say as a matter of law that bus drivers may with impunity drive over bottles in the street no matter who is standing or walking nearby. Mollen, P. J., Damiani, Lazer and Boyers, JJ., concur.

Titone, J., dissents and votes to reverse the judgment, on the law, and to dismiss the complaint, with the following memorandum: At the trial, testimony was adduced from plaintiff Fanny Bahan that on November 6, 1975, at about 11:45 A.M., she and her 11-year-old daughter Kathleen Bahan, were

walking toward the bus stop at Rockaway Boulevard and 121st or 122nd Street, in Queens. Plaintiff Fanny Bahan noticed a plastic container in the roadway about 3 or 4 feet from the curb where the bus stop was located and about 15 feet from the front or easterly end of the bus stop. She described the container as being white, round, about one foot long, four inches wide and four inches high, and looking like a half-gallon bottle of bleach. It had no labels, writings or markings on it. She also stated that there was nothing else in the roadway except two little pieces of a gum wrapper, and conceded that there was nothing about the container that alarmed either her or any of the other people at the bus stop. The mother further testified that as she and her daughter Kathleen were walking toward the front of the bus stop, she saw a bus owned and operated by defendant Green Bus Lines, Inc. (hereinafter Green Bus), pulling into it. The front wheel of the vehicle ran over the container causing it to explode. Both she and her daughter were splashed with a liquid substance, later identified as acid, that had been in the container. At the time, the roadway was dry and visibility was very good. According to plaintiff Fanny Bahan, about two seconds elapsed from the time she saw the container to the splashing of the liquid upon her and her daughter. Following its verdict in favor of plaintiffs on the issue of liability, the jury returned a verdict awarding plaintiff Fanny Bahan $250,000 and her daughter Kathleen the sum of $30,000 in damages for their personal injuries. Both plaintiffs received severe burns and scarring as a result of the acid splashing upon their bodies. On appeal, defendant Green Bus argues, in essence, that under the circumstances, the injuries sustained by plaintiffs Fanny and Kathleen Bahan were outside the scope of duty owed to them by defendant, and, as a matter of law, the question of foreseeability should not have been presented to the jury. I agree. Failure to guard against the remote possibility of an accident, one which, in the exercise of ordinary prudence, could not be foreseen, does not constitute actionable negligence (*Van Leet v Kilmer,* 252 NY 454; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 342). One of the prerequisites of liability based on negligence is that the risk of injury or damage must have been reasonably foreseeable. Negligence is gauged by the ability to anticipate; the risk must lie within the range of apprehension. A person cannot be held liable in negligence for failing to provide against a danger he could not reasonably have foreseen (*Payne v City of New York,* 277 NY 393, 396; *Van Leet v Kilmer, supra*). Negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk. The fundamental basis of liability for actionable negligence is the reasonable foreseeability of the risk, the ability reasonably to anticipate the risk. Every possible accident due to unusual and reasonably unforeseeable combinations of circumstances is not included. Reasonable foresight is required but not prophetic vision (*Cartee v Saks Fifth Ave.,* 277 App Div 606, 609-610, affd 303 NY 832; *Collins v Noss,* 258 App Div 101, affd 283 NY 595; *Morris v Troy Sav. Bank,* 32 AD2d 237, affd 28 NY2d 619). "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or others within the range of apprehension" (*Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344, *supra*). In this instance it is obvious that for all intents and purposes the plastic container, which appeared to be an innocuous piece of debris, created no apparent or foreseeable risk to any of the prospective passengers, including plaintiffs, who were waiting to board a bus at the stop. In fact the plaintiff mother, Fanny Bahan, admitted at the trial that the appearance of the container was no cause for alarm either to her or other persons at the location. It must also be noted that in response to a question by her attorney at her examination before trial as to whether anything attracted her attention to the container, plaintiff Fanny Bahan responded: *"Just * * * an object in the road*

*and I turned around and looked to see it and I threw a cigarette over it"* (emphasis supplied). To paraphrase Chief Judge Cardozo in *Palsgraf v Long Is. R. R. Co. (supra,* p 342), the plastic container in this case appeared to be abandoned waste which to the "eye of ordinary vigilance" may be "kicked or trod on" or rode over "with impunity". Instead it turned out that it contained a dangerous and lethal substance, i.e., acid, which caused horrendous injuries to innocent bystanders. Essentially the wrongdoer herein is the individual who, either because of gross and inexcusable carelessness, or else suffering from a deranged mind, was responsible for placing or leaving the container in the path of any oncoming vehicle. With respect to the operator of defendant's bus at the time of the occurrence, whether there was a breach of duty by him depends upon whether the resulting injury was a reasonably foreseeable consequence of his conduct. Whether hindsight reveals that greater precautions should have been taken to avoid the ensuing harm to plaintiffs is irrelevant if the injury could not reasonably have been foreseen at the moment he ran over the plastic container, even assuming at the time he knew or should have known of its presence. In my opinion the record is barren of any evidence which would support a finding that the standard of reasonable care required defendant's operator of the bus to guard against the possibility of this type of incident (see *Danielenko v Kinney Rent A Car,* 57 NY2d 198, 204).