■ MARIA WOJCICKI, Respondent, v ELBERT ENTERPRISES et al., Defendants, and FINKELSTEIN REALTY INC., Appellant.— Judgment (Bruce McM. Wright, J.), entered on or about February 18, 1988, in the Supreme Court, New York County, after a jury trial, in favor of plaintiff Maria Wojcicki and against defendant Finkelstein Realty Inc. in the sum of $2,276,369.55, reversed, on the law, and the complaint dismissed without costs.

On November 10, 1982, plaintiff was employed by a real property owner, defendant Elbert Enterprises, as a live-in superintendent of an apartment complex known as Dix Hills Gardens in Whately Heights, Suffolk County. At approximately 10:30 that morning, she entered one of the four storage rooms in the apartment complex and picked up a gallon-size plastic bottle containing an unknown liquid. The bottle was very hot to the touch, requiring her to handle it by using her own clothing for protection, and it was making a hissing or bubbling noise. Suddenly, the cap to the bottle flew off and the contents shot out, causing her to sustain severe second degree burns over her face, arms and upper body. Permanent scarring resulted from these injuries. Plaintiff and her 39-year-old daughter, Christina Czajka, both testified that on as many as six occasions prior to the accident, plaintiff sought permission from the managing agent of the complex, Finkelstein Realty Inc. (Finkelstein), to clear out the accumulated building supplies, maintenance materials, rubbish and other junk, including this particular plastic bottle, all of which was said to have been left by the previous superintendent in the storage room. These requests, which took place over the two-

year period from the commencement of plaintiff's employment until the happening of the accident, were never granted. It is this action, or more properly, inaction, of Finkelstein which plaintiff claims constitutes its negligence sufficient to impose liability to her for the damages arising from this accident.

Plaintiff does not suggest that she or anyone else knew, prior to the accident, what the contents of the bottle were. Ms. Czajka testified that shortly before the accident while in a laundry area opposite to the storage room, she observed a man in the storage room "bleeding" water from open pipes and dripping that water into the plastic bottle. It was conceded by plaintiff at trial that this mysterious stranger was neither an employee nor an independent contractor of Finkelstein. For aught that appears, this stranger was no more than a trespasser.

After her mother was taken to the hospital Ms. Czajka found the bottle and sought to clean accumulated dirt off of the label to make it legible. What she was eventually able to read was "D-something" and the legend "concentrated sulfuric acid." The last time this witness saw the bottle was when she turned it over to the police who had promptly responded to the accident scene. Plaintiff never recovered the bottle thereafter, and it was never produced either before or at the trial.

Plaintiff called as an expert Herbert M. Goldstein, a chemical engineer, who informed the jury that assuming the bottle contained concentrated sulfuric acid, if a sufficient quantity of water was suddenly introduced, the mixture would become highly volatile and explode out of its container. Mr. Goldstein's testimony was based on facts furnished to him by plaintiff's counsel, and not upon any tests of the bottle or its contents conducted by the witness.

Giving plaintiff's evidence every favorable inference as we are required to do *(Candelier v City of New York,* 129 AD2d 145; *Lipsius v White,* 91 AD2d 271), plaintiff failed to prove a cause of action in negligence against Finkelstein as a matter of law, and its motion to dismiss the action at the close of all the evidence should have been granted. The effect of the instructions concerning the storage room said to have been given by Finkelstein to plaintiff was simply to keep plaintiff out of what turned out, with the benefit of hindsight, to be the zone of danger, albeit a danger that could not have been foreseen by any reasonable person, including plaintiff herself. This lack of foreseeability is fatal to plaintiff's case *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *Marenghi v New York City Tr.*

*Auth.,* 151 AD2d 272). Moreover, the proximate cause of this accident was not the negligence of Finkelstein (which could not in any event foresee the link between the unknown bottle and the existence of a hazard, and certainly could not predict that the junk accumulation would become more dangerous over the passage of time). Indeed, it did not. On the contrary, this accident was caused not by any fermentation of the bottle contents, but by the actions of an unknown interloper whose unpredictably hazardous conduct created the explosive mixture inside the bottle which, in turn, caused plaintiff harm. Any nexus between the permission withholding of Finkelstein and the violent propulsion of the bottle contents over plaintiff was decisively broken by the intrusive action of this unknown intermeddler. Simply put, the suppositious negligence of Finkelstein, if any there was, was not a proximate cause of this accident as a matter of law *(Martinez v Lazaroff,* 48 NY2d 819, 820; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950, 952; *Rivera v City of New York,* 11 NY2d 856; *O'Britis v Peninsula Golf Course,* 143 AD2d 123). Concur—Sullivan, J. P., Carro and Wallach, JJ.

Asch and Kassal, JJ., dissent in a memorandum by Kassal, J., as follows: The judgment reversed by the majority was entered upon a unanimous jury verdict, reached after a nine-day trial. Because the record amply supports the determination of the triers of fact, I respectfully dissent.

On November 10, 1982, Maria Wojcicki, a 57-year-old woman employed as a live-in superintendent in an apartment complex managed by defendant-appellant, Finkelstein Realty Inc. (defendant), sustained serious and disfiguring chemical burns on her face, neck, arms, and upper torso when a plastic bleach-like bottle violently exploded, spewing its contents on her. At the time of the accident, Mrs. Wojcicki was attempting to remove the bottle, which was hissing and smoking, from a basement storage area on the premises.

The evidence presented at trial revealed that Mrs. Wojcicki had, on at least six occasions, unsuccessfully sought defendant's permission to clean up the storage room in question and discard various old bottles, spray cans, paints and other hazardous debris that had accumulated over the years. The evidence further revealed that water or steam pipes in this particular storage room constantly leaked, a condition of which defendant was aware and, in fact, had attempted to repair on at least one occasion prior to the accident.

Herbert Goldstein, a chemical engineer testifying on behalf of plaintiff, explained to the jury that when water enters a

bottle containing concentrated sulfuric acid, a chemical commonly used in drain-cleaning products such as Drano, the combination which results can lead to a violent eruption, and will, upon contact with skin, cause the type of injuries sustained by plaintiff.

In addition to the above, the evidence before the jury included testimony by plaintiff's 39-year-old daughter, Christina Czajka, who, minutes before the accident, had observed a man open and sniff a bleach-like bottle in the storage area. After doing so, the man placed the bottle on the floor next to him and began to open water valves. When Mrs. Czajka asked what he was doing, the man replied that he was attempting to repair the steam condition.

After the accident, Mrs. Czajka found a bleach-like bottle near the site. She testified that the label had "D-something, some kind of Drano and it says concentrated sulfuric acid".

I disagree with the majority's finding that this record is insufficient as a matter of law to warrant the verdict reached by the jury.

The Court of Appeals has instructed that, to make out a prima facie case of negligence, a plaintiff need not demonstrate that the precise manner in which the accident occurred was foreseeable. *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316.) We are further instructed that "[b]ecause questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve". *(Supra,* at 315; *see also, Rotz v City of New York,* 143 AD2d 301, 304, where this court observed that, "Issues of negligence, foreseeability and proximate cause involve the kinds of judgmental variables which have traditionally, and soundly, been left to the finders of fact to resolve even where the facts are essentially undisputed".)

Here, the evidence before the jury established that defendant was on notice that dangerous chemicals and other possibly hazardous materials were being kept in a storage area, and that leaking water pipes were in close proximity to these chemicals. The jury also heard that repeated requests to clear these items out of the area were made to defendant, and that defendant did not act upon them. That the accident was not, as the majority points out (at 483), caused by "fermentation of the bottle contents" does not warrant reversal, since the question of foreseeability in these circumstances was one for the triers of fact *(Derdiarian v Felix Contr. Corp., supra,* at

315; *see, Bahan v Green Bus Lines,* 96 AD2d 876, *affd* 61 NY2d 922), and the evidence, when viewed in the light most favorable to the prevailing party, was sufficient, as a matter of law, to sustain the jury verdict. *(Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379.)