CASUALTY COMPANY OF AMERICA, Appellant, *v.* A. L. SWETT ELECTRIC LIGHT AND POWER COMPANY, Respondent.

Workmen's Compensation Law — award to family of workman killed by electricity from electric light wires while riding upon employer's machine through village streets — right of insurance carrier to be subrogated to right of action of decedent's family — erroneous charges and refusals to charge.

1. Where an award under the Workmen's Compensation Law has been made to the family of a man killed by electricity from non-insulated wires of defendant, an electric light and power company, while riding upon the boom of a steam shovel, which his employer was moving through a village street, for the purpose of keeping the wires from coming in contact with the boom, the insurance carrier of his employer is, on payment of the award, subrogated to any right of action decedent's family might have against defendant.

2. Although it is true that defendant had the right to have its dangerous electric wires in the street, the street was free to the public, and whether defendant should have apprehended that a moving vehicle could come into contact with these wires, whether the wires should have been insulated or whether their position might be regarded as a sufficient safeguard, are questions of fact for a jury. It is also a question of fact whether or not decedent, who had no previous experience with electricity, used, under the circumstances, sufficient care

for his safety, whether the danger was so obvious that he should have refused to do the work for his master or whether he did not come into contact with the wires because something happened that was not his fault. The burden of proof rests upon the defendant to establish these facts, and having failed to do so, a verdict for the defendant cannot be sustained.

3. It was error for the trial judge to charge, in substance, as bearing upon the contributory negligence of decedent, that they might consider the fact that the boom might have been taken off the machine, as there was no evidence to show why it was not taken off, and while it might have been something the owner did not want to do, as involving some expense, yet it could have been taken off and carried through the street either upon the machine or upon a separate arrangement.

4. It was error, also, for the trial court to decline to charge, as requested by plaintiff, that the decedent was under no obligation to notify the defendant that the shovel was to be moved through the street, but on the contrary he had the right to use the public streets for the purpose of moving the shovel without so notifying the defendant.

*Casualty Co.* v. *Swett El. Light & Power Co.*, 188 App. Div. 906, reversed.

(Argued November 30, 1920; decided December 31, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 17, 1919, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Colin McLennan, Joseph P. Nolan, John C. Brodsky* and *Clarence C. Fowler* for appellant. The charge of the court was highly prejudicial to the plaintiff. (*Chace Truck Co.* v. *R. L. & R. R. Co.*, 225 N. Y. 435; *Leahy* v. *Standard Oil Co. of N. Y.*, 224 Mass. 352; *Siegel, Cooper & Co.* v. *Norton*, 209 Ill. 201; *Garteiser* v. *Galveston, etc., Ry. Co.*, 2 Tex. Civ. App. 230; 9 Tex. Civ. App. 456; *Gulf & S. I. R. Co.* v. *Barnes*, 94 Miss. 484; *Philip* v. *Heraty*, 135 Mich. 446; *Houston & T. C. R. R. Co.* v. *Hanks*, 58 Tex. Civ. App. 298; *Wade* v. *Empire District Electric Co.*, 94 Kans. 462; *Railroad Co.*

v. *Gilbert*, 70 Kans. 261; *Jacksonville Ice & Electric Co.* v. *Moses*, 63 Tex. Civ. App. 496; *Day* v. *Consolidated Light, Power & Ice Co.*, 135 Ky. 611.)   The trial court committed error in the admission and exclusion of evidence that requires the granting of a new trial.   (*Schmidt* v. *Steinway, etc., R. Co.*, 55 Hun, 496; *McCormick* v. *Nassau El. R. Co.*, 16 App. Div. 333; *Bailey* v. *Jourdan*, 18 App. Div. 387; *Seaman* v. *Koehler*, 122 N. Y. 646; *Leahy* v. *Standard Oil Co. of N. Y.*, 224 Mass. 352; *Siegel, Cooper & Co.* v. *Norton*, 209 Ill. 201; *Philip* v. *Heraty*, 135 Mich. 446; *Kennedy* v. *T. A. R. R. Co.*, 31 App. Div. 30; *Anderson* v. *J. C. El. L. Co.*, 63 N. J. L. 390; *Webster* v. *Richmond L. & R. R. Co.*, 158 App. Div. 210.)

*James A. Gosnell* for respondent.   Upon the evidence the jury was justified in finding that the defendant was not negligent and that the deceased was guilty of negligence which contributed to his death.   (*Mangan* v. *H. R. Tel. Co.*, 100 N. Y. Supp. 543; *McNamee* v. *W. U. Tel. Co.*, 140 App. Div. 874; *Hickok* v. *Auburn L., H. & P. Co.*, 200 N. Y. 464; *Buckley* v. *Westchester Lighting Co.*, 93 App. Div. 436; *Chace Trucking Co.* v. *Richmond L. & R. Co.*, 225 N. Y. 435; *Calumet El. St. Ry. Co.* v. *Grosse*, 70 Ill. App. 381.)   No error was committed in receiving or rejecting evidence or in the charge to the jury. (*People ex rel. Kemmler* v. *Durston*, 119 N. Y. 583; *Reynolds* v. *Robinson*, 64 N. Y. 589.)

ANDREWS, J.   On November 4th, 1914, one Ryan was moving a steam shovel, belonging to him, through Park street in the village of Albion.   Attached to the front of the shovel was a boom some thirty feet long, rising at an angle of forty-five degrees.   Its end was fifteen or sixteen feet above the ground and it could not be lowered to any extent.   Consequently as the shovel proceeded under its own power it was evident that the boom might come in contact with boughs of trees or

electric wires reaching over the highway. To obviate this trouble one of Ryan's employees named Robinson was stationed near the top of the boom. He was warned against the danger of electric wires. He then obtained a forked stick five feet long with which he lifted them.

Across Park street were stretched six wires of the defendant. Two about thirteen and one-half feet from the ground were low tension lighting wires. Over them from one and a half to two and a half feet, and above the top of the boom, were four other wires. Two were dead and two carried a current of 2,300 volts. The last had at some time been insulated but the insulation was out of repair and in places the wires were bare. As the boom reached this point Robinson lifted one of the low tension wires upon it. At this moment, in some way not explained, his head came in contact with the upper wires and he received a shock that killed him. His widow and children elected to proceed under the Workmen's Compensation Act and an award was made to them. The plaintiff was the insurance carrier of Ryan. It, therefore, was subrogated to any right of action they might have against the defendant. (Workmen's Compensation Law [Cons. Laws, ch. 67], § 29.) Thereafter, this action was begun. The jury found for the defendant. With this result we may not interfere unless the record shows the commission of material error.

Clearly there are questions of fact presented upon which a jury must pass. It is true that the defendant was rightfully in the street. But it brought there a deadly agency. It knew that reasonable use of the highway was free to all. Whether it should have apprehended that a moving vehicle would come in contact with these wires; whether it should have insulated them or might rely upon their position as a sufficient safeguard; what was fair prudence under all the circumstances — these questions cannot be decided by the court. Nor has the defendant shown conclusively that the deceased himself was negli-

gent.   He had no previous experience with electricity. That he should have known that these wires were charged with a dangerous current; that he might not rely to some extent upon the condition of the insulation as an assurance of safety; that he realized that the methods he adopted were unwise; that the danger was so obvious that he should have refused to obey his master's orders; that he did not come in contact with the wires because of some slip upon the boom or because of some other happening that does not imply his fault — again none of these facts are established.   And the burden rests upon the defendant to make such proof.

Therefore, the trial judge was right in submitting to the jury the question of negligence and contributory negligence.   He seems to have had some doubt as to whether the shovel was rightfully in the street at all. But assuming that it was, he told the jury, as bearing upon the defendant's negligence, that " It is contended that if anything was required to be done to those wires that the Swett Company should have been notified so that they could have been there and warned people about them or pushed them up out of the way."   As bearing upon the contributory negligence of the deceased he also told them that they might " consider that this boom could have been taken off of this machine; there isn't any evidence to show why it wasn't taken off; but it certainly was at one time put on, the machine was not created with that boom on it, it was made up from various parts of metal and put together.   So the boom, while it may have been a thing that they didn't want to do, and perhaps involving some considerable expense, yet the boom could have been taken off and carried through either on the machine or upon a separate arrangement."

The plaintiff then asked the court to charge that the deceased was under no obligation to notify the Swett Company that this shovel was to be moved through the street, but on the contrary he had the right to use the pub-

lic streets for the purpose of moving the shovel without so notifying the defendant. This request was declined and an exception taken. It should have been granted. (*Chace Trucking Company* v. *Richmond L. & R. R. Co.,* 225 N. Y. 435.) The defendant also excepted to that portion of the charge in which it was stated that the boom of the shovel could have been taken off. No evidence at all had been given upon that subject and no comment made, and the statement of the court, as bearing upon the deceased's contributory negligence, was plainly erroneous. Further, if Ryan was guilty of negligence in failing to remove the boom, that negligence is not to be charged against Robinson. There are also certain exceptions to rulings upon the admission or rejection of testimony. These we will not discuss because, upon a new trial, they may not again be presented.

In view of the charge as a whole the errors which we have discussed were plainly harmful to the plaintiff. They necessarily misled the jury as to the issues involved in the case. Being of such gravity they require a reversal.

The measure of damages adopted was that laid down by the Appellate Division on a former appeal. It is not now before us. But by this statement we are not to be understood as expressing any opinion whatever in regard to it.

The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur.

Judgment reversed, etc.