VERA BENNETT, as Administratrix of the Estate of JOHN BENNETT, Deceased, Appellant, v. NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Respondent.

Argued April 19, 1945; decided June 14, 1945.

*Joseph F. Hanley* and *Richard P. Charles* for appellant.
I. The trial court properly submitted to the jury the question
as to whether or not respondent was negligent. (*Van Leet* v.
*Kilmer,* 252 N. Y. 454; *Casualty Co.* v. *Swett El. L. & P. Co.,*
230 N. Y. 200; *Ferrari* v. *New York Central Railroad Co.,* 224
App. Div. 182.) II. The Appellate Division erred in reversing
the judgment and dismissing the complaint. (*Braun* v. *Buffalo
General Electric Co.,* 200 N. Y. 484; *Ward* v. *New York State
Electric & Gas Co.,* 290 N. Y. 325.)

*John M. Keegan* and *Thomas H. Beardsley* for respondent.
I. Defendant was not negligent. The accident was caused
solely by the negligence of the contractor's employees and
plaintiff's intestate. (*Holland* v. *Turner,* 189 App. Div. 566,
232 N. Y. 518; *Morton* v. *Smith Hoisting Co.,* 166 App. Div. 436;
*Stackpole* v. *Pacific Gas & Electric Co.,* 186 Pac. 354; *Aljoe* v.
*Penn Central L. & P. Co.,* 126 Atl. 759; *Danville Street Car Co.*
v. *Watkins,* 97 Va. 713; *Arkansas P. & L. Co.* v. *Hubbard,* 181
Ark. 886; *Hickock* v. *Auburn Light, Heat & Power Co.,* 200 N. Y.
464; *Buell* v. *Utica Gas & Electric Co.,* 259 N. Y. 443; *Leeds* v.
*New York Telephone Co.,* 178 N. Y. 118; *Rowley* v. *Newburgh
Light, Heat & Power Co.,* 151 App. Div. 65; *Malatesta* v. *Atlantic City S. R. Co.,* 96 Atl. 54; *Boudreaux* v. *Louisiana Power &
Light Co.,* 135 So. 90; *Troidle* v. *Adirondack P. & L. Corp.,* 252
N. Y. 486.) II. The Appellate Division properly reversed the
judgment in favor of plaintiff and dismissed the complaint.
(*Buell* v. *Utica Gas & Electric Co.* 259 N. Y. 443; *Conroy* v. *Sara-*

*toga Springs Authority,* 259 App. Div. 365, 284 N. Y. 723; *Flour City Nat. Bank* v. *Widener,* 24 App. Div. 330, 163 N. Y. 276.)

LEWIS, J. In the course of excavation upon a sewer project in the city of New York the boom attached to a caterpillar crane moved close enough to one of defendant's overhead high voltage wires to produce a short circuit which electrocuted plaintiff's intestate. By the present action damages are sought by the decedent's widow, as administratrix, who claims her husband's death was caused by the defendant's negligence in the operation and maintenance of its high tension electric lines.

A judgment in plaintiff's favor entered upon a jury's verdict at Trial Term has been reversed on the law at the Appellate Division where findings of fact implicit in the jury's verdict were considered and affirmed. Upon her appeal to this court the plaintiff asserts that the facts adduced upon the trial and affirmed by the Appellate Division presented a question which was properly submitted to the jury, viz., whether the fatality resulted from the defendant's negligent failure properly to safeguard workmen — of whom the decedent was one — who, to the knowledge of the defendant, were within a zone of danger created by its high tension wires.

The accident occurred on 164th Street between 71st and 72d Avenues in Queens County. At that point a caterpillar crane, on which was mounted a boom forty feet in length, was engaged in removing timber sheathing from a sewer trench which had been freshly dug in the northbound lane of traffic. The trench itself, which had been back-filled with loose earth, was parallel to and twenty-five feet west of the easterly curb along which the defendant had erected poles and had strung six high tension wires. Of these wires the one most westerly — and thus nearest the caterpillar crane — was thirty-four feet above the ground and carried electricity of 2300 volts. Because the back-filling had left soft earth in the trench the operator had so stationed the crane that its weight of twenty-two tons had the support of solid ground east of the trench and was thus brought closer to the easterly curb above which defendant's wires were strung. While the crane boom was being raised and lowered in the process of extracting sheathing timbers from the trench and depositing them on trucks, the decedent while standing on the

ground was seen to take hold of a chain attached to the boom cable and used to lash the timbers. Although there is positive testimony by one of the plaintiff's witnesses that the cable did not touch the defendant's wire it appears that when the decedent grasped the chain a " buzzing " sound was heard, a flashing light was seen between the cable and the wire for a substantial period of time, and there was " blazing " in the chain. In the meantime the decedent had fallen to the ground. He had met his death when the oscillating boom and its attached cable had passed close enough to the defendant's westernmost wire to permit that wire's voltage to pass to the ground by short-circuit through the cable, the chain and the decedent's body.

There was also evidence from which the jury could have found that prior to the accident a representative of the defendant, accompanied by a member of the contractor's organization, had gone over the site of the work involved in the sewer project. At that time the contractor's representative had noted the presence of the defendant's wires over the street curb and had asked — " How about those wires there." To that inquiry the defendant's representative replied — " They won't bother you, they are away high." The defendant conceded that its inspectors were at the site of the work " practically every day." There was also proof that they were present when the crane — from a position on the firm soil east of the filled trench and closer to defendant's wires — was recovering and loading the sheathing timbers and that at no time during the progress of the work did the inspectors stop the crane's operations near the wires. Nor were the contractor or its employees informed that the defendant's wires, strung above the easterly curb of 164th Street, carried a high voltage of electricity.

We cannot say as matter of law, as has the Appellate Division, that upon the evidence of record before us the defendant was free from actionable fault. The standard of care required of one maintaining a dangerous agency must be commensurate with the risk therefrom reasonably to be foreseen. In the present case the vigilance required of the defendant depended upon the likelihood of danger to which those near its wires would be exposed by reason of the voltage of electricity which those wires carried. That voltage proved to be a death-bearing current which required of the defendant protective measures which,

in existing circumstances, were proportioned to the danger which its transmission created. (*Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459, 467; *Larkin* v. *N. Y. Telephone Co.*, 220 N. Y. 27, 33; *Adams* v. *Bullock*, 227 N. Y. 208, 210–211; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 344; *Ferrari* v. *New York Central Railroad Co.*, 224 App. Div. 182, 186, affd. 250 N. Y. 527; *Van Leet* v. *Kilmer*, 252 N. Y. 454, 457; *Payne* v. *City of New York*, 277 N. Y. 393, 395; *Ward* v. *New York State Electric & Gas Corp.*, 290 N. Y. 325, 328.)

In the record at hand we find evidence of risk to the decedent and his fellow workers within the range of reasonable apprehension. The question was for the jury whether the decedent met his death by reason of the fact that, with knowledge of conditions under which the decedent was working the defendant failed to take those precautions dictated by the danger to which he was exposed.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, CONWAY, DESMOND, THACHER and DYE, JJ., concur; LEHMAN, Ch. J., dissents.

Judgment accordingly.