Bridget F. Pike, as Administratrix of the Estate of Gilbert Pike, Deceased, Appellant, *v.* Consolidated Edison Company of New York, Inc., Respondent, et al., Defendants.

Argued May 14, 1951; decided July 11, 1951.

*Benjamin H. Siff* and *Melvin Sacks* for appellant. The evidence fully warranted the jury in finding that defendant-respondent should have known that work involving booms, cranes and cables was likely to occur in the vicinity of its wires at the time of the accident. (*Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345; *Braun* v. *Buffalo Gen. Elec. Co.*, 200 N. Y. 484; *Casualty Co.* v. *Swett Elec. Light & Power Co.*, 230 N. Y. 199; *Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345; *Krastel* v. *Long Island Lighting Co.*, 272 App. Div. 833; *Zuppa* v. *Central Hudson Gas & Elec. Corp.*, 277 App. Div. 1044; *De Haen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350; *Wall* v. *Harmosa Oil Corp.*, 268 App. Div. 926.)

*John M. Keegan, John D. Gray* and *William F. McCauley* for respondent. I. There is no proof from which a jury might find that defendant-respondent had either actual or constructive notice of the operation of a crane near its wires. II. The court should take judicial notice of section 82d7–14.0 of the Administrative Code of the City of New York as indicative of the notice necessary to require defendant-respondent to protect its overhead wires against operation of cranes in street areas. (*Buell* v. *Utica Gas & Elec. Co.*, 259 N. Y. 443; *Schmeer* v. *Gas Light Co.*, 147 N. Y. 529.)

LOUGHRAN, Ch. J.   This action to recover damages for wrongfully causing the death of the plaintiff's intestate was brought against Consolidated Edison Company of New York, Inc., and George Cohan and Jennie Gurian, copartners doing business as Tri-Boro Transfer Trucking Co.   The jury returned a verdict against all three defendants upon which judgment was entered. The defendants Cohan and Gurian chose not to challenge that judgment.   But the defendant Consolidated Edison Company appealed to the Appellate Division where (1) the judgment insofar as it was against that company was reversed on the law and the facts; (2) so much of the complaint as sought damages from that company was dismissed on the law; and (3) that company was awarded costs against the plaintiff.   This determination of the Appellate Division is now before us for review on an appeal of the plaintiff.

The intestate was employed as a steel worker by a construction company which is not a party to this action.   On December 22, 1949, he and several coemployees undertook the task of unloading structural steel from a truck of the nonappealing defendant copartners that had been parked on a lot at 950 Georgia Avenue, Brooklyn.   His part in that work was to stand upon the truck and there manually to control and direct a cable which was attached to the boom of a nearby crane.   While he was so occupied, the truck (which had been parked upon an incline) rolled toward the building line of Georgia Avenue and he was electrocuted when the cable in his hands came into contact with a high tension electric wire of the defendant Consolidated Edison Company that had been placed in the adjacent street by permission of the municipal authorities having jurisdiction.

The wire that killed the intestate was one of three live primary or high tension wires of the defendant Consolidated Edison Company.   At a point 34 feet above the ground each of the three wires was affixed to a pole which that defendant had placed in the sidewalk area in front of the premises at 950 Georgia Avenue where the intestate was working on the occasion in question.   None of the three wires was insulated.   Each carried a lethal current of 2,400 volts.   No sign or other notice called attention to the existence of that dangerous situation.

The opinion of the Appellate Division reads in part as follows: "If appellant [Consolidated Edison Company] had knowledge of the conditions existing at the scene of the accident, the jury could properly have found that the happening of the accident was within the range of reasonable apprehension, and that appellant [Consolidated Edison Company] had failed to take the precautions commensurate with the danger involved. * * * In our opinion, however, there was no proof whatsoever that appellant [Consolidated Edison Company] had any notice of the operation of a crane in proximity to its wires. Mere knowledge that a building was to be erected on a lot fronting on a street over which appellant [Consolidated Edison Company] maintained its wires, even though coupled with the knowledge that a crane would be used in the course of the construction, was insufficient, without more, to charge appellant [Consolidated Edison Company] with the duty of de-energizing or moving its lines, or taking other precautions to avoid injury to persons working in the vicinity." (277 App. Div. 1120, 1121.)

We cannot agree to that characterization of this case as one in which the defendant Consolidated Edison Company had mere knowledge of the contemplated erection of a building near its Georgia Avenue high tension wires. Long before the day of the accident, the Consolidated Edison Company had received for its own use copies of officially approved plot plans for the construction of a new building at 950 Georgia Avenue. These plans furnished the following data: (1) The new building was to be a brick and concrete structure 19 feet 11 inches high; (2) the easterly wall thereof was to extend along the Georgia Avenue building line for a distance of 32 feet; (3) the top of that wall was to be 14 feet beneath the Georgia Avenue high tension wires of the defendant Consolidated Edison Company. When a representative of that defendant called at 950 Georgia Avenue on December 13, 1949, he observed there the unloading of building materials and noticed the completed installation of a number of footings on which the overhead structure was to rest. The defendant Consolidated Edison Company was not unaware of the common use of cranes and booms in the erection of buildings and, in the opinion of a witness who was a member of its engineering staff, the use of an 80-foot boom on the occasion

in question was not at all extraordinary. A division engineer in the company's transmission and distribution bureau testified that its Georgia Avenue high tension wires could have been de-energized by other equipment in the company's possession.

Even so, the defendant Consolidated Edison Company says it was entitled to " actual notice " of the time when a crane would be in operation at 950 Georgia Avenue and the Appellate Division so held. We cannot adopt that idea, because (as we have seen) the defendant Consolidated Edison Company had full, exact and early information of the nature of the building operation that was being carried on at 950 Georgia Avenue and thus that company had been warned of the probability that workmen erecting the overhead structure there would perchance be exposed to the undisclosed deadly peril which caused the death of the intestate. In these circumstances, the defendant Consolidated Edison Company was bound to ascertain the time when the work of building the overhead structure at 950 Georgia Avenue was to begin, in order to enable itself to protect workmen against the danger that was there hidden in its high tension wires — or so a jury could find (see *Braun* v. *Buffalo Gen. Elec. Co.*, 200 N. Y. 484, 490–492; *Casualty Co.* v. *Swett Elec. Light & Power Co.*, 230 N. Y. 199, 202; cf. *Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345, 348).

The judgments should be reversed and a new trial granted, with costs in this court and in the Appellate Division to abide the event.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.