Florence C. Palmer, as Administratrix of the Estate of Ernest F. Palmer, Deceased, Respondent-Appellant, v. County of Nassau, Defendant; Town of North Hempstead, Appellant, and Long Island Lighting Company, Respondent and Third-Party Plaintiff-Appellant. Switzer Contracting Co., Inc., Third-Party Defendant-Respondent.— Action to recover for wrongful death of plaintiff's intestate which occurred when a crane came into contact with an overhead electric service wire. Issues were submitted to the jury in plaintiff's action against the defendant Town of North Hempstead and the defendant Long Island Lighting Company. The jury returned a verdict in favor of plaintiff against the defendant Town, and in favor of the defendant Lighting Company against plaintiff. Judgment was entered in accordance with the verdict, and in addition the judgment dismisses the defendant Town's cross complaint against the Lighting Company for indemnity and dismisses the third-party complaint of the Lighting Company for indemnity from the contractor by whom the decedent was employed. The judgment was thereafter amended by order. Amended judgment modified on the law by striking therefrom the first decretal paragraph and by substituting in place thereof a paragraph providing that plaintiff's complaint against the defendant Town is dismissed, with costs. As thus modified, amended judgment, so far as appeals are taken, affirmed, with costs against plaintiff to the defendant Town. In the case of the plaintiff against the defendant Town, the findings implied by the verdict are affirmed except insofar as it may have been found as facts that the defendant Town knew or should have known of the danger and given warning thereof, or that the defendant Town breached any duty owed to the decedent. Any such implied findings are reversed. In the case of the plaintiff against the defendant Town a new trial would have been granted, if the complaint were not being dismissed, because of the errors in the trial justice's instructions to the jury which are set forth below. On no view of the evidence does it appear that the defendant Town breached any duty it owed to the decedent. The uncontroverted evidence shows that the accident happened because the boom of the crane came into physical and electrical contact with the electric wire on the opposite side of the highway to where the contractor, decedent's employer, was laying a drainage line for the defendant Town, particularly the evidence of the electrical burn near the top of the boom and the breaking of the electric service wire. The operator of the crane knew the danger and needed no warning thereof, and he testified that he made efforts to prevent the boom from making contact with the wire. ' It was error (1) to instruct the jury that it could determine whether or not it was the duty of the defendant Town to ascertain the voltage in the electric wire over which it had no control, (2) to refuse the request to charge that there was no proof of any defect or obstruction in the highway which imposed any duty upon the defendant Town to correct or change, and (3) to refuse the request to charge that the defendant Town had no duty to ascertain whether or not the wire was insulated or to post signs or other warnings. In the case of the plaintiff against the defendant Lighting Company, it must be held on the evidence that the jury's verdict is conclusive. (*Pike* v. *Consolidated Edison Co.,* 303 N. Y. 1.) Appeal by the defendant Town from the order denying its motion to set aside the verdict and to grant a new trial on the ground of newly discovered evidence dismissed as academic, without costs. In our opinion it was error to deny the motion, but inasmuch as this court has dismissed plaintiff's complaint against the defendant Town the matter is currently academic. Dis-

missal is solely on that ground. If the judgment against the defendant Town were not being modified and the plaintiff's complaint were not being dismissed, we would reverse the order denying the motion to set aside the verdict and grant a new trial on the ground of newly discovered evidence. Adel, Wenzel, MacCrate and Beldock, JJ., concur. Nolan, P. J., concurs in the result.