John L. Flynn, J.
The court finds for the plaintiff against the defendant Consolidated Edison Company of New York, Inc., hereinafter referred to as “Edison”, dismisses the complaints against the other defendants, with costs, dismisses the cross complaints between the defendants, each with costs, and dismisses the third-party complaints of Edison and the City of New York, with costs. The action is severed accordingly to permit the entry of the requisite judgments.
The plaintiff’s intestate, then a recent, non-English speaking immigrant, met his death instantaneously on a construction project working on top of a duct bank with a pneumatic jack hammer equipped with a bull bit. He broke through the concrete and made contact with a highly energized cable in the duct bank owned and controlled by Edison. Edison had actual or constructive knowledge of the work being done in the immediate vicinity. It also had actual or constructive knowledge of the dangers involved in working in the area of its installations. Edison, in the circumstances, owed a continuing duty to keep persons nearby working for others aware of the danger to human life of the current in the cable. Whenever the progress of the construction came within the danger area of the cable, Edison should have given advice and warning of the peril. Each cable carried a current with a pressure of approximately 11,000 volts. This hazard can better be appreciated when one bears in mind that the voltage of the current used to effect death in the electric chair in New York State is but 2,300 volts.
The degree of care required of one maintaining a dangerous agency must be commensurate with the risk to be foreseen (Bennett v. New York & Queens Elec. Light & Power Co., 294 N. Y. 334 and cases cited therein), or, as most aptly stated in Van Leet v. Kilmer (252 N. Y. 454, 457): “Where peril lurks, its creator is bound to provide safeguards. Unusual precautions must be taken against extraordinary dangers.”
*478 If Edison did not choose some warning method of protecting human life, it should have taken steps to reroute the current while work progressed or devised other safeguards. Its failure to adopt any standards of care renders it liable for a life so carelessly extinguished.
The situation is similar to that in Pike v. Consolidated Edison Co. (303 N. Y. 1) but the obligation of the defendant and its liability here are greater because there overhead conduits were involved. Held liable there, defendant is liable a fortiori in the ease at bar.
Judgment is directed in the sum of $80,000, including funeral expenses of $1,903.86, with interest from May 14,1953. The fund shall be distributed as provided by section 132 of the Decedent Estate Law. Defendant Edison is granted a 30-day stay of execution and 60 days to make a case. All motions on which decision was reserved, are disposed of so as to comply with the judgments granted.
This is the decision of the court, pursuant to section 440 of the Civil Practice Act. The clerk is directed to enter judgments accordingly.