■    JOYCE MIKOLASKO, as Administratrix of the Estate of ROBERT MIKOLASKO, Deceased, Appellant, v. NEW YORK STATE ELECTRIC AND GAS CORPORATION et al., Respondents. NEW YORK STATE ELECTRIC AND GAS CORPORATION, Third-Party Plaintiff, v. JOHN J. STAGE, Doing Business as STAGE CONSTRUCTION COMPANY, Third-Party Defendant. RALPH DI ANGELO et al., Third-Party Plaintiffs, v. NEW YORK STATE ELECTRIC AND GAS CORPORATION et al., Third-Party Defendants.— Appeal from an order of a Trial Term, Supreme Court, Broome County. Plaintiff's intestate was employed by John J. Stage, a subcontractor installing manholes on a sewer project being constructed by defendants Di Angelo and Sper-Bra, Inc. Stage used a "hydrocrane" for this work which had a boom 26 feet long when extended. Thirty-three feet above the ground at the place the work was being done were high tension wires of the New York State Electric and Gas Corporation. While in the process of placing a manhole, plaintiff's intestate, Robert Mikolasko, and his employer, Stage, sustained severe electric shock as the result of which Mikolasko died. The boom of the crane was noticed by one witness immediately after the accident to be one foot under the high tension wires; another witness described it as "near" the wires. There is no proof of contact; but it is a fair assumption that electricity from the wires caused the death of Mikolasko. There is some proof suggesting that the crane was resting on a somewhat raised piece of ground when the accident happened. In the third-party action against the power company and the general contractor the plaintiff's complaint has been dismissed by the Trial Term at the end of her proof. The negligence of the power company has not been demonstrated. No notice coming to it that the decedent's employer Stage would use a crane with a boom long enough or in such manner as to come in contact with high tension wires 33 feet above the ground has been demonstrated. The mere fact the utility company knew a sewer was being laid near its poles is not enough to cast on it foresight of this kind of an occurrence. Nor have the general contractors been shown negligent. There is some proof they saw, or knew, of the type of crane their subcontractor Stage used; and it is argued they should have warned the power company of its danger when used near the high tension wires. They were not bound to expect that Stage would so use the crane as to come in contact with the current; Stage himself seems to have no expectation of such a result in his own operation and the expectation at the risk of liability, based on a failure to warn the power company, should not be charged to the general contractor. Order and judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.