SEYMOUR GILLMAN, Appellant, v. LIBERTY AIRPORT AUTHORITY et al., Respondents.

Third Department, July 8, 1969.

*Louis B. Scheinman* for appellant.

*Wiess & Costa* (*Lawrence E. Lagarenne* of counsel), for Liberty Airport Authority, respondent.

*George F. Roesch, III,* for Russell Hodge, respondent.

*Rosen & Rosen* for Edward Murphy, respondent.

GIBSON, P. J. The plaintiff in a personal injury negligence action appeals from a judgment in favor of defendant Liberty Airport Authority entered upon a verdict of no cause of action; from separate judgments entered in favor of defendants Hodge and Murphy upon dismissal of the complaint as to them, upon motions made at the close of all the evidence; from an order which denied plaintiff's motions to set aside the verdict in favor of the Authority; and from an order which denied plaintiff's motion to vacate the judgment entered in favor of defendant Hodge.

Plaintiff was injured when an airplane owned by Knief and Soules and piloted by Dennis, and in which plaintiff was a guest-passenger, crashed, on take-off, into planes owned by defendants Hodge and Murphy and parked adjacent to the runway. Plaintiff did not sue the owners or the pilot of the plane in which he was riding. The theory of the action is that the Airport Authority was negligent in that, at a time when a fairly gusty wind of from 15 to 20 miles per hour was blowing from the east, across the north-south runway, it directed that the Hodge and

Murphy planes be parked on the west or downwind side of the runway and in close proximity thereto — from 5 to 20 feet, according to the testimony; and that defendants Hodge and Murphy were negligent in following the Airport Authority's instructions.

On take-off, with Dennis at the controls, the plane gathered speed, lifted slightly off the ground twice and then swerved left, or westerly, into the parked Hodge and Murphy planes. The pilot, testifying for the plaintiff, attributed the westward movement to a sudden gust of wind; and plaintiff's two expert witnesses considered that the planes were parked too close to the runway and, indeed, that, for reasons that were stated, a hazard was created by parking aircraft within 200 feet of the runway, particularly in the circumstances then existing. The thrust of the defense was that the plane had not attained flying speed when the take-off was attempted; and there was testimony that the plane proceeded at all times in a straight line, this contradicting the testimony that a cross gust forced it to the left. It may fairly be said that, whether or not the pilot Dennis was negligent, the evidence would have supported a finding by the jury of negligence on the part of the Authority contributing to cause the accident; and thus it becomes necessary to inquire whether error in the course of the trial affected the result.

The companion actions by Dennis, Knief and Soules (the pilot and owners) against the Authority were submitted to the jury with the action now before us. After the jurors had deliberated for a time they returned and submitted to the court the following question: " Is it possible to find the Liberty Airport negligent in Action No. 1 [Gillman] and no cause for action in Actions 2 and 3 [Dennis, Knief and Soules]? " The Trial Judge responded, initiating a colloquy as follows:

" Under the law, Ladies and Gentleman, I am not permitted to answer that question yes or no. You are the triers of the fact, and you may find such verdict as you feel is warranted by the evidence consistent with my charge. Does that answer your question now?

" THE FORELADY: No.

" THE COURT: All right.

" THE FORELADY: Well, maybe I'm out of order, but I think Mr. Gillman should be suing somebody else.

" THE COURT: Well, see, you have nothing to do with that. That's something that is not in the evidence in this case. We can't determine that here because there's been nobody else sued.

" THE FORELADY: Well, then, it's hard to do Action No. 1.

"THE COURT: Does my answer satisfy everybody?

"(The Jury indicate affirmatively.)

"THE COURT: All right; go on."

(We note parenthetically the court reporter's quite extraneous and unauthorized conclusion that the jury indicated "affirmatively" and give it no weight.) The question was one that could well trouble a jury, required, after a charge delivered largely in generalities, to distinguish between plaintiffs, as it would have to do had it found the Authority negligent and the pilot Dennis also negligent and the owners Knief and Soules derivatively so. The question was crucial, obviously, and the verdict may well have been reached through a misunderstanding which a simple instruction could have cleared up. The jurors were entitled, not necessarily to the categorical response which counsel mistakenly stress, but to a careful and lucid explanation of the problem and of the rules which they obviously did not understand. If authority be needed in support of the seemingly elementary conclusion that the jury was entitled to a proper instruction, it may be found in such cases as *Sowell* v. *Laurie* (26 A D 2d 923), in which reversal was directed because, "instead of answering the question directly and giving the jurors the enlightenment they sought, the court merely had the entire charge reread, stating that the question the jurors propounded was a 'wide' one and could not be answered categorically"; and *Sansivero* v. *Garz* (20 A D 2d 723), in which the Trial Judge declined to repeat portions of the charge regarding issues as to which the jury sought enlightenment.

The court erred, also, in taking from the jury the issue of the negligence of the defendants Hodge and Murphy inasmuch as there is no evidence that they had to park at the points directed and there is substantial evidence that the manner in which the planes were parked created a hazard. There was evidence that when directed to his parking place Hodge, at least, recognized the danger, and it was for the jury to determine whether Hodge and Murphy, or either of them, knew or should have known of the hazard; and upon the record as now developed there is no indication that either of them was under any constraint to obey instructions that would lead to the creation of a hazard or was, indeed, under any compulsion to remain at the field if no reasonably safe place was available. Under the landmark case in this area of trial procedure, a verdict may only be directed when "by no rational process could the trier of the facts base a finding in favor of the defendant upon the evidence * * * presented" (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241,

245); and the strictness of this rule of decisional law was emphasized by the omission from CPLR 4401 of the provision in subdivision 1 of section 457-a of the former Civil Practice Act that the court "may direct a verdict when it would be required to set aside a contrary verdict for legal insufficiency" (see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4401.13), making it abundantly clear that weight of the evidence is not a determinative factor.

There was also error, which standing alone might not be substantial, in receiving, over objection, testimony to the effect that the members of the Airport Authority were public-spirited citizens donating their efforts for no compensation.

For purposes of the retrial, it should be noted that it was error, at least on the basis of the record now before us, to instruct the jury that it might find plaintiff guilty of contributory negligence.

The judgments and orders should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

HERLIHY, J. (concurring). I concur with the majority opinion that a new trial must be granted as to the Airport Authority because of the error of the trial court in regard to answering the question of the jury. It would not appear that upon the present record the trial court erred in dismissing the complaint as to the individual defendants, however it may be that upon a new trial the evidence presented would establish a cause of action against them. Under such circumstances, the reversal should be as to all defendants in the interests of justice. (See *Russell* v. *New York State Elec. & Gas Corp.*, 11 A D 2d 298, 303, mot. for lv. to app. den. 12 A D 2d 574.)

REYNOLDS, J. (concurring). I concur on the sole ground that it was reversible error for the trial court to refuse to answer the question propounded by the jury during their deliberation. A simple instruction would have clarified the situation. As a result of the refusal, the verdict of the jury may have been reached through a misunderstanding and a new trial is required.

STALEY, JR., and GREENBLOTT, JJ., concur with GIBSON, P. J.; HERLIHY and REYNOLDS, JJ., concur in separate memorandums.

Judgments and orders reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.