## (July 27, 1971)

■ AETNA CASUALTY AND SURETY COMPANY, APPELLANT, v. CLINTON J. GARRETT et al., Defendants, and ALICE MOLLOY, Individually and as Parent of SHARON MOLLOY, an Infant, et al., Respondents.— Appeals from judgments of

the Supreme Court in favor of defendants Motor Vehicle Accident Indemnification Corporation, Molloy and Haynes, entered December 30, 1970 in Ulster County, upon a decision of the court at a Trial Term, granting motions of said defendants to dismiss at the close of the case. On a prior appeal, regarding motions to dismiss the complaint, leave was given to the respective parties to adduce additional proof with respect to the fourth, sixth, seventh and eighth causes of action (*Aetna Cas. & Sur. Co.* v. *Garrett,* 31 A D 2d 710, affd. 26 N Y 2d 729). On July 9, 1965, a 1957 Buick was registered in the name of defendant Garrett and plate 2481-UC issued for use thereon. Plaintiff issued and delivered to Garrett an automobile liability insurance policy dated July 9, 1965 covering said vehicle and on August 4, 1965 the automobile was involved in an accident in which the infants Molloy and Haynes, whose legal representatives are defendants herein, were passengers and injured therein. Plaintiff alleges in its fourth cause that ownership of said Buick had been transferred by Garrett to defendant Daniels, prior to said accident, and that, by reason of such transfer, said policy of insurance was terminated. The sixth, seventh and eighth causes are dependent on the fourth. At the opening of trial, it was conceded by those appearing that the Buick was registered in Garrett's name on July 9, 1965 and that, by reason thereof, there was a presumption that he owned it at that time and that the presumption continued until overcome. In this declaratory judgment action, plaintiff predicated its case on the testimony of the insured, Garrett, who testified: that he signed the certificate of registration over to Daniels on the reverse side on the same date as that on which he received the insurance and license plates, which was the same afternoon or the next day after the purchase of the car; that he inserted the name of Raymond Daniels on the back of the certificate after the words "Transferred to"; that he had possession of the certificate of registration for only a short time so that he could get the license and required papers and that, on the same afternoon that he signed the reverse side, he gave the certificate to Daniels; that he never used the car and rode in it but once; that he, Garrett, in July of 1965 was single and had no children and during that year worked as a truck driver, electrician and at a market; and that in said month he owned a 1957 or 1958 Cadillac. The manager of the insurance agency that issued the policy stated that, according to agency records, the policy remained in effect until December 13, 1965, that on August 17, 1965 a request was made that coverage be changed from the Buick to a 1955 Pontiac and that on October 1, 1965 the policy was changed to a 1957 Cadillac. Motor Vehicle Department records indicated the transfer of plates from the Buick to the Pontiac on August 17, 1965. The trial court, in granting the motions to dismiss at the close of the proof, stated that plaintiff failed to prove by a fair preponderance of the evidence that Garrett transferred the vehicle involved before the accident and that presumption of ownership was not overcome. The evidence adduced presented issues of fact concerning the time, circumstances and effect of the alleged transfer, which should have been submitted to the jury (cf. *McGovern* v. *Attie,* 30 A D 2d 559; *Thomas* v. *City of New York,* 25 A D 2d 787). A motion for judgment at the close of the entire case is substantially equivalent to a motion for a directed verdict made at that point and the weight of the evidence is not a valid basis for withdrawing the case from a jury upon such a motion (*Wessel* v. *Krop,* 30 A D 2d 764; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4401.01). The test, rather, is whether the trial court could find that by no rational process could the fact trier base a finding in favor of the party moved against upon the evidence presented (*Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245). Where the evidence rebutting a presumption presents an issue of credibility, as did

that of Garrett, it is for the jury to determine whether the rebuttal evidence is to be believed and, consequently, for the jury to determine whether the presumption has been destroyed (*Bornhurst* v. *Massachusetts Bonding & Ins. Co.*, 21 N Y 2d 581, 586; Richardson, Evidence [9th ed.], § 57). The rule that after an accident " the registered owner must be presumed to have been the owner thereof and will not be permitted to deny such ownership " would apply as a matter of policy only in an action by an injured party against the record owner — which is not the case here (*Bornhurst* v. *Massachusetts Bonding & Ins. Co.*, supra, p. 587). *United Servs. Auto Assn.* v. *Spyres* (34 A D 2d 181, affd. 28 N Y 2d 631) is distinguishable because the evidence there indicated that neither seller nor buyer considered the car transferred at the time in question. Judgments reversed, on the law and the facts, and a new trial granted, with costs to abide the event. Cooke, Sweeney and Simons, JJ., concur; Herlihy, P. J., and Staley, Jr., J., dissent and vote to affirm, in the following memorandum by Staley, Jr., J.: We are unable to agree with the majority that the determination of whether or not the presumption of ownership was overcome must be decided by the jury. Having conceded that Garrett was the owner of the Buick automobile on July 9, 1965, appellant had the burden of proof to establish that the presumption of ownership of the automobile by Garrett on the date of the accident was overcome. Appellant attempted to sustain its burden of proof mainly by the testimony of Garrett. His testimony was evasive and contradictory, and his response to many questions was that he did not remember. He did not know the date the certificate of transfer was signed, but stated that it was the date that the insurance policy was issued, and later said it was a " matter of days ". He testified that he gave Daniels the certificate to show " that he had some business with the car ", and that he " transferred the car back to protect the interest that he [Daniels] had in the automobile " and " to show that he had a legitimate right to be driving it if he were stopped ". Garrett did not testify that he transferred " ownership " of the Buick automobile .from himself to Daniels. The certificate received in evidence was that part of the license entitled " passenger or suburban renewal ", known as stub 4, and on the back thereof the part used for transfer was undated, and the instruction to check disposition in the box " transferred " had not been checked. There is no evidence in the record that the actual registration certificate, known as stub 3, was delivered to Daniels. The evidence submitted by the defendants, through a representative of the Ulster County Motor Vehicle Department, was to the effect that stub 3 was submitted to the department on August 17, 1965 by Garrett and signed by him as owner. There is no denial in the record that Garrett remained the registered owner until August 17, 1965 at which time the registration was transferred by Garrett to a 1955 Pontiac automobile using the identical license plates numbered 2481-UC, and continuing the liability insurance previously issued by appellant. Since registration in July, 1965 of the automobile was in the name of Garrett, a presumption of his ownership arises therefrom. (*Elfeld* v. *Burkham Auto Renting Co.*, 299 N. Y. 336; *United Servs. Auto Assn.* v. *Spyres*, 34 A D 2d 181, affd. 28 N Y 2d 631.) It is undisputed that the liability insurance policy issued to Garrett on July 9, 1965 was never canceled by Garrett and was, in fact, transferred from the 1957 Buick to a 1955 Pontiac registered in Garrett's name 13 days after the accident of August 4, 1965. The evidence indicates a continuity of record ownership, insurance coverage, use and custody of the license plates by the name insured, Garrett, and permission for the use by Daniels. The facts neither rebut the presumption of Garrett's continued ownership of the automobile, nor do they establish that Daniels was in exclusive control and possession of it. (*United Servs. Auto*

*Assn.* v. *Spyres, supra.*) " The effect of a presumption is to place the burden upon the adversary to come forward with evidence to rebut the presumption, that is, to negative the. existence of the presumed fact. * * * Whether the presumption has been overcome is ordinarily a question for the court. * * * the presumption is overcome when the adversary produces ' substantial ' evidence to the contrary." (Richardson, Evidence, [9th ed.], § 57.) Substantial evidence was not produced by appellant to rebut the presumption that Garrett was the owner of the automobile on the date of the accident. The trial court was justified in finding that the presumption of ownership of the Buick by Garrett, when he registered the automobile in his name on July 9, 1965, and which presumption of ownership continued, had not been overcome. While the proof shows that Daniels had an interest (equitable title) in the automobile, the record further establishes that the registered legal title, necessary to procure liability insurance, was always in Garrett. The plaintiff, therefore, is not entitled to recover and the judgment should be affirmed.