■ MARIA TALLARICO, as Administratrix of the Estate of SALVATORE TALLARICO, Deceased, Respondent, v. LONG ISLAND LIGHTING CO. et al., Appellants-Respondents; LONG ISLAND LIGHTING COMPANY, Third-Party Plaintiff-Respondent; S. ZARA & SONS CONTRACTING CO., INC., Third-Party Defendant-Appellant.— In an action to recover damages for wrongful death, defendants Long Island Lighting Co. (hereinafter called LILCO) and County of Nassau (hereinafter called County) and third-party defendant S. Zara & Sons Contracting Co., Inc. (hereinafter called Zara) appeal from so much of a judgment of the Supreme Court, Nassau County, entered May 3, 1973, as is adverse to them. Judgment reversed insofar as it awards recoveries to plaintiff and LILCO against the County and to the County against LILCO and Zara, on the law, without costs, and plaintiff's and LILCO's complaints against the County and the County's complaints against LILCO and Zara dismissed; and

judgment reversed insofar as it is in favor of plaintiff against LILCO and in favor of LILCO against Zara, on the law, and new trial granted, on the issue of damages only, upon plaintiff's action against LILCO and the latter's third-party action against Zara, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the jury verdict in her favor from $300,000 to $175,000 and to the entry of an amended judgment in accordance therewith, in which event the portion of the judgment which is in favor of plaintiff against LILCO and in favor of LILCO against Zara, as so amended, is affirmed, with one bill of costs to plaintiff against LILCO and Zara. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion, the verdict was excessive to the extent indicated herein. In the morning of June 26, 1969, plaintiff's decedent was standing at the bottom of a 17-foot trench dug by Zara for the laying of sewer pipe pursuant to a contract between Zara and the County. Above the decedent and to the side of the trench was a crane operated by a Zara employee. At one end of the crane was a bucket or clamshell, attached to the crane by cables. As the bucket was lowered into the trench the decedent was supposed to take hold of it and guide it to the place at the bottom of the trench at which more earth would be dug. However, when the decedent placed his hands upon the bucket he was electrocuted, the crane's 30-foot boom having touched LILCO's overhead bare primary wire and thus having conducted the wire's power into the bucket and thence into the decedent, whose electrocuted body was jackknifed into the electrified bucket. The electrocution of the decedent was a risk forseeable by LILCO, whose duty of care to the decedent was discharged neither by its posting of warning signs concerning the wire nor by its discussing the hazard with the decedent's supervisors (*Zuppa* v. *Central Hudson Gas & Elec. Corp.*, 302 N. Y. 827, affg. 277 App. Div. 1044). It was for the jury to say whether LILCO, having been able to de-energize or relocate the section of the line under which the decedent stood, acted with that degree of care which was commensurate with the risk to which it had exposed him (*Bennett* v. *New York and Queens Elec. Light & Power Co.*, 294 N. Y. 334). As for the County, its liability for the decedent's death was not proved. The County neither directed nor controlled the execution of the work, its representatives' presence at the construction site was related to its self-assurance of the performance of its contract, and the negligent elevation of the boom was a risk arising out of Zara's execution of a detail of the work (*Wright* v. *Belt Assoc.*, 14 N Y 2d 129; *Benning* v. *City of New York*, 279 App. Div. 769). With respect to Zara's contention that plaintiff's award against LILCO is reducible by 50%, the percentage of responsibility apportioned to Zara, because the decedent's employment by Zara vested it with the right to assert a defense under the Workmen's Compensation Law (§§ 11, 29, subd. 6) in diminution of any award recovered by plaintiff, we hold that LILCO's indemnity claim against Zara was not so limited (*Dole* v. *Dow Chem. Co.*, 30 N Y 2d 143, 152; see *Bellefeuille* v. *City and County Sav. Bank*, 43 A D 2d 335). Hopkins, Acting P. J., Latham, Shapiro, Brennan and Munder, JJ., concur.