■ MAXINE ZASADA, as Administratrix of the Estate of RONALD E. POLLEN, Deceased, et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION, Respondent, et al., Defendants.—Appeal from a judgment of the Supreme Court in favor of defendant Niagara Mohawk Power Corporation, entered November 22, 1974 in Schoharie County, upon a dismissal of the complaint against said defendant by the court at a Trial Term at the close of the case. On September 9, 1969, the decedent, Ronald E. Pollen, and the plaintiff, John Kline, were unloading and moving steel items when a crane attached to one of the items touched live power lines owned and maintained by Niagara Mohawk Power Corporation (Niagara) thereby causing the decedent and the line to be electrified. This action was commenced jointly to recover damages sustained in the accident. On or about July of 1969 construction commenced upon a site comprised of several miles for the erection of a dam and the flooding of an area as a reservoir. At the time, there were telephone and power lines, a portion of which were owned by Niagara, located upon the project premises. These lines had serviced camps and homesites in the area which would be classified as rural. The record contains evidence that Niagara had caused its men to be on the job site between July and September 9, 1969 as the work of construction and clearing the land progressed, and that certain power lines had been de-energized to facilitate demolition of buildings. There is also testimony that plans of the project showing pre-existing power lines had been filed with Niagara. Upon this appeal, the defendant, Niagara, does not dispute that the record contains evidence which establishes constructive notice of the nature and extent of the project, and construction and demolition that would require the removal of its lines and the de-energization thereof. It generally appears from the record that the power in the lines which caused injury was being utilized by at least one private resident in the immediate area who had not yet vacated his homestead although it had been duly condemned. The accident happened in an area that would be flooded when the project was completed. At the close of all of the evidence, the trial court dismissed the complaint as against Niagara upon the ground that because of the large area encompassed by the project, constructive notice to Niagara of the general construction activity and its general relationship to its power lines would not be sufficient notice to establish foreseeability that its existing lines at the site of the accident would be a hazard. The court reasoned that Niagara had a right to maintain its lines until it foresaw a hazard at a particular place and a particular time. The primary issue upon this appeal is whether or not the record contains such evidence of notice as would establish foreseeability on the part of Niagara as to the probable operation of equipment in and about its lines which would be hazards unless they were de-energized or appropriately insulated at the site of the accident as of September 9, 1969. Since the complaint was dismissed at the close of

all trial evidence and prior to a jury verdict, the plaintiffs are entitled to the most favorable view of the evidence upon the issue of notice. *(See Aetna Cas. & Sur. Co. v Garrett,* 37 AD2d 750, 751; *Gillman v Liberty Airport Auth.,* 32 AD2d 296, 299.)* Upon this appeal Niagara does not dispute that as a general proposition constructive notice is enough to impose a duty upon the company to protect others from electric shock. It relies, however, upon the trial court's finding that the large area involved herein for construction required notice of the particular time and place of particular activities. In *Mikolasko v New York State Elec. & Gas Corp.* (8 AD2d 648, mot for lv to app den 7 NY2d 707), this court noted that mere knowledge of a sewer construction project near its poles would not be sufficient as to foreseeability of a crane being used near its wires. Reliance on that case by Niagara is misplaced, however, as the present record not only contains constructive notice of general activity near the wires but also that the construction involved large apparatus and would in fact require the de-energizing of its lines as well as the removal thereof. Foreseeability is much more evident in this case than it was in regard to laying a sewer line in *Mikolasko.* (See, also, *Tallarico v Long Is. Light. Co.,* 45 AD2d 845, 846.) While the present record is much more circumstantial in regard to notice to Niagara than what was given to the utility in *Ward v New York State Elec. & Gas Corp.* (290 NY 325), the over-all effect of the notice herein is just as effective. The *Ward* case does not support a withdrawal of the case from the jury. In *Pike v Consolidated Edison Co. of N. Y.* (303 NY 1, 5), the court noted that where a utility had knowledge of the extensiveness of the construction project which would likely put workers in close proximity to its lines, there was no further requirement of "actual notice" of the time and place such proximity would occur. The duty became that of the utility to keep track of construction activity in regard to proximity to its wires. As noted by the trial court and emphasized by Niagara upon this appeal, the area involved was very large and day to day operations were so peculiarly within the knowledge of the contractor, that day to day protection by Niagara would be onerous. (Cf. 12 NYCRR 3.1 *et seq.;* see *Miner v Long Is. Light. Co.,* 47 AD2d 842.) Nevertheless, the record does not disclose that on and after the condemnation of the properties herein and the commencement of construction, Niagara had any right or duty to maintain power in these lines, albeit, there is some evidence that as of the date of the accident not all of the homes had been vacated. The project as disclosed in the evidence clearly required Niagara to de-energize and relocate its power lines and a jury could find that such a duty would require Niagara to keep itself personally informed if it desired to keep power in the lines. (See *Pike v Consolidated Edison Co. of N. Y., supra.)* Upon the present record, the evidence established constructive notice to an extent where it cannot be said as a matter of law that a jury could not have rationally found negligence on the part of Niagara. A review of a dismissal of the complaint at the close of the evidence and prior to a jury verdict does not involve the weight of the evidence *(Aetna Cas. & Sur. Co. v Garrett, supra; Gillman v Liberty Airport Auth., supra).* Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellants to abide the event. Herlihy, P. J., Koreman and Main, JJ., concur; Kane and Reynolds, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). In our view the Trial Justice was absolutely correct in dismissing the actions against defendant Niagara Mohawk Power Corporation. The physical facts are such that in reviewing the record as a whole, there is no rational basis upon which a jury could find Niagara Mohawk liable *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241). We are unable to

understand how constructive notice of a specific dangerous condition can be charged to Niagara Mohawk when it is merely carrying out its day to day work on a job site covering many square miles. There are detailed requirements for actual notice to an electrical utility company when work is undertaken on a construction site (12 NYCRR Part 23). In fact, the record establishes that this procedure had been followed by these very respondents prior to the accident herein. To use the fact that their men were in the area on other occasions pursuant to actual notice as a basis to charge Niagara Mohawk with constructive notice of a condition physically far removed is, to us, manifestly unfair. We would affirm the judgment.