■ EDWARD AUSTRO et al., Plaintiffs, v NIAGARA MOHAWK POWER CORPORATION, Defendant and Third-Party Plaintiff-Appellant. WEBER CONSTRUCTION COMPANY, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (And a Fourth-Party Action.) — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered August 26, 1983 in Saratoga County, upon a verdict rendered at Trial Term (Amyot, J.). ¶ In November, 1979, plaintiff Edward Austro was severely injured when he sustained an electrical shock while handling a bucket attached to a crane which had touched or had come very close to a power line owned by defendant and third-party plaintiff Niagara Mohawk Power Company (NiMo). At the time of the accident, plaintiff was employed by third-party defendant Weber Construction Company, Inc. (Weber), which, pursuant to its contract with NiMo, was responsible for repairing a concrete retaining wall owned by NiMo. The power line which was touched by the crane was located approximately 30 feet above and parallel to the retaining wall where plaintiff was injured. ¶ A most distinguishing feature of this case is that prior to trial, all parties stipulated that plaintiff was entitled to a judgment in the amount of $899,500. The case went to the jury only to determine the respective liabilities of defendants and the apportionment thereof in the event that the third-party defendant Weber was determined to be liable for part of the damages. ¶ Weber was specifically

advised of the presence of the overhead transmission line and that the line would be energized throughout the performance of the contract. A specification of the contract required that no equipment was to come within 15 feet of this high-voltage line. The contract further provided that Weber would indemnify NiMo for any liability caused by NiMo's negligence, whether that negligence be wholly or partly the cause of bodily injury arising out of the work performed under the contract. ¶ The original complaint named NiMo as defendant and NiMo thereafter served a third-party complaint against Weber in the usual form demanding both common-law and contractual indemnification. ¶ The jury's verdict determined that the damages were caused by the negligence of NiMo to the extent of 90% and the balance by the negligence of Weber. The jury further determined that 75% of the negligence attributable to NiMo was gross negligence. The judgment required payment of 67.5% of the stipulated amount by NiMo and the remainder by Weber. In so doing, the trial court sustained the validity of the indemnification agreement to the extent of one fourth of the 90% fault attributable to NiMo. On appeal, NiMo contends that the apportionment of liability was against the weight of the evidence, that a finding of gross negligence was contrary to law, and that the trial court erred in determining that the indemnification agreement, as it applied to gross negligence, was void as a matter of public policy. ¶ Whether the verdict is against the weight of the evidence involves the discretionary balancing of many factors on the part of the court. The Trial Judge, utilizing common sense, experience and a sense of fairness, must decide whether substantial justice has been done (*Micallef v Miehle Co.*, 39 NY2d 376, 381). We conclude that there was sufficient evidence in the record to support the jury's determination that both parties were responsible for the happening of the accident. We also conclude that there was sufficient evidence in the record to support the jury's determination as to apportionment. In arriving at its decision, the jury could rightfully have determined the proportional duty of both parties by considering the gravity of the hazard and the respective degree of its control by each party. The transmission line in this instance carried 34,500 volts. Even though NiMo painstakingly cautioned Weber of the danger involved, its responsibility did not cease. After encountering difficulties on the job, Weber requested that the transmission line be de-energized, but that request was denied. After the accident, the line was de-energized without any loss of service to the customers of NiMo. There is a reasonable basis for the jury's assessment that most of the fault was that of NiMo, if it found that NiMo unjustifiably insisted on keeping the line energized. ¶ By the same token, we find no legal justification to set aside that portion of the verdict determining gross negligence on the part of NiMo. The standard of care required of one maintaining a dangerous agency must be commensurate with the risk therefrom reasonably to be foreseen (*Bennett v New York & Queens Elec. Light & Power Co.*, 294 NY 334, 337). Where electrocution is a foreseeable risk, it was for the jury to decide whether NiMo, having been able to de-energize the section of line at the construction site, acted with that degree of care which was commensurate with the risk to which plaintiff had been exposed (*Tallarico v Long Is. Light. Co.*, 45 AD2d 845, 846). The trial court properly charged the jury by clearly distinguishing gross negligence from ordinary negligence, and by characterizing gross negligence as "aggravated" and showing a "complete disregard for the safety of others". ¶ As to whether negligence is characterized as ordinary or gross, is a matter for determination by the jury (*Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 173). The evidence supported the jury's determination. ¶ We also find that the trial court properly calculated Weber's liability under the indemnity provision. Although provisions such as those contained in the contract are generally enforceable, they are subject to close judicial scrutiny; to

the extent that agreements purport to grant exemption for liability for willful or grossly negligent acts, they have been viewed as wholly void (*Gross v Sweet,* 49 NY2d 102, 106). Recently, the Court of Appeals has stated: "But an exculpatory agreement, no matter how flat and unqualified its terms, will not exonerate a party from liability under all circumstances. Under announced public policy, it will not apply to exemption of willful or grossly negligent acts" (*Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 384-385). ¶ NiMo also contends that the trial court erred in charging subdivision 1 of section 240 and subdivision 6 of section 241 of the Labor Law. It contends that subdivision 1 of section 240 was inapplicable. However, that section was specifically pleaded in the complaint and no motion was made to strike the statutory causes of action alleged. NiMo further contends error in the trial court's failure to charge plaintiff's contributory or comparative negligence as a defense to subdivision 6 of section 241, claiming that plaintiff's negligence was imputable to Weber. No such request to charge was made, although NiMo was given ample opportunity to do so, and no objection was made to the charge. The jury was fairly apprised that the negligence of Weber's employees was imputable to Weber. If it was error to charge subdivision 1 of section 240, it was harmless because it applied equally to both defendants and the trial was adversarial only as between them. ¶ Judgment affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur; Mikoll, J., not taking part.