■ ARIC ROMAN, Respondent, v CITY OF NEW YORK et al., Defendants, and CONSOLIDATED EDISON, Appellant. [1 NYS3d 859]—

In an action to recover damages for personal injuries, the defendant Consolidated Edison appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated June 7, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while he was walking his dog on a sidewalk in Brooklyn. At his deposition, the plaintiff testified that, after stepping in a puddle, the dog suddenly jumped up, yelped, and collapsed. The plaintiff then put his hands in the puddle to see if the dog had stepped on broken glass, and he sustained an electric shock. The plaintiff commenced this action against, among others, Consolidated Edison (hereinafter the appellant), to recover damages for personal injuries, and thereafter moved for summary judgment on the issue of liability against the appellant. The Supreme Court granted the motion.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability against the appellant by demonstrating that, prior to the incident, the appellant had notice of a dangerous electrical condition and the foreseeable consequence of stray voltage in the vicinity of the plaintiff's accident, but failed to promptly investigate the condition (*see Pike v Consolidated Edison Co. of N.Y.*, 303 NY 1 [1951]; *see generally Miner v Long Is. Light. Co.*, 40 NY2d 372, 379 [1976]). The plaintiff further demonstrated that he was free from comparative fault. In opposition, the appellant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability against the appellant. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.